11/423

## UNITED STATES BANKRUPTCY COURT

IN RE:  Booker Theodore Wade, Jr.

In a Chapter__11
Case No.:_13-50376-SLJ

FILED
MAY 3 0 2014
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### TRANSMITTAL OF WITHDRAWAL OF REFERENCE
### TO THE DISTRICT COURT

1. __X___ **Motion or order  to withdraw  reference**.

2. _____ **Certificate to the District Court** non-core proceeding pursuant to B.L.R. 9015-2(b) demand for jury trial.

3. _____ **Certificate to the District Court**  pursuant to B.L.R. 9015-2(d) personal injury tort and wrongful death claims

DATE FILED:  January 22, 2013

FILED BY (MOVANT): Debtor Booker Theodore Wade, Jr.

ATTORNEY:  __N/A
_____

PLEADINGS TRANSMITTED TO DISTRICT COURT

| | |
|---|---|
| ____X_____ | Motion or Order to Withdraw Reference |
| ____X_____ | Memorandum in Support of Motion to Withdraw Reference |
| _____ | Response to Motion to Withdraw Reference |
| _____ | Certificate to the District Court |
| ____X_____ | Certified Copy of Bankruptcy Docket Sheet |
| _____ | Other Pertinent Record:_____ |

_____

_____

COUNTY OF DEBTOR(S) RESIDENCE: _Santa Clara

DATE: __May 29, 2014                    TRANSMITTED: ___May 29, 2014

By: _Kristine Hang Du, Deputy Clerk

Phone No.:

-------------------------------------------------------------------

**CV 14. 02486 LHK**

DISTRICT COURT CASE NUMBER:_____

DATE: **MAY 3 0 2014** BY: _Betty Walton_____

PLEASE RETURN SECOND COPY UPON RECEIPT

cc:     Movant
        US Bankruptcy Court, San Jose

No Original

**FILED**

MAY 2 8 2014

DF

United States Bankruptcy Court
San Jose, California

Booker T. Wade Jr.
605 Forest Avenue
Palo Alto, CA 94301
415 378 6250

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

**In Re** | Case No. 13-50376 SLJ

Chapter 11

**BOOKER T. WADE JR.**

**NOTICE OF MOTION TO WITHDRAW**
**REFERENCE FROM STATE COURT**

**DEBTOR**

| | |
|---|---|
| Date: | June 28, 2014 |
| Time: | 2:00 p.m. |
| Courtroom: | 3099 |
| Before: | Hon. Stephen L. Johnson |

**TO: ALL PARTIES, CREDITORS, THEIR ATTORNEYS & THE U. S. TRUSTEE**

    **NOTICE IS GIVEN** that on the date and at the time and place shown above, located at 280 South First Street, San Jose, CA 95113, Booker T. Wade, Jr., Debtor herein, will and hereby so moves, the Court to withdraw its reference to the Superior Court of Santa Clara County, State of California.

    The motion is premised upon the following: (1) the request for the reference was not authorized by nor on behalf of creditor Arlene Stevens; but, instead was made on behalf of David Hamerslough, a creditor of a creditor; (2) the state court proceeding has reached a stalemate; and (3) questions of federal now dominate the matters before the state court.

    The motion is based on this Notice of Motion and the Motion, the attached Memorandum of Points and Authorities, the attached Declaration of Booker T. Wade Jr. with Exhibits thereto, as well as such other evidence that may be produced at the time of the hearing on the Motion

    If you wish to oppose the Motion, you must file a written opposition with the Court no later than June 12, 2014 serving a copy of the same on the Debtor and the United States Trustee. If you

1    fail to file a written opposition with the Court and serve it on the Debtor by the date indicated, the
2    Court may enter an order granting the relief requested in the Motion.

3

4    May 23, 2014

5                                             Booker T. Wade Jr., Debtor

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

No Original

# FILED

MAY 2 8 2014

Df

United States Bankruptcy Court
San Jose, California

Booker T. Wade Jr.
605 Forest Avenue
Palo Alto, CA 94301
415 378 6250

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

In Re                                    Case No. 13-50376 SLJ

                                         Chapter 11

BOOKER T. WADE JR.                       MOTION TO WITHDRAW REFERENCE
                                         FROM STATE COURT; MEMORANDUM
                                         OF POINTS AND AUTHORITIES
                                         IN SUPPORT THEREOF

        DEBTOR
                                         Date:        June 28, 2014
                                         Time:        2:00 p.m.
                                         Courtroom:   3099
                                         Before:      Hon. Stephen L. Johnson

## INTRODUCTION

Much of the time, resources and court management burdens of this case has been devoted to seeking a resolution of issues presented by disputes between Debtor and Arlene Stevens [Stevens] arising under a property settlement agreement entered into in a state court proceeding before the Santa Clara County Superior. Counsel advocating in this and the state proceeding for Stevens has maintained that Debtor has obligations to Stevens, while Debtor has maintained just the opposite. As counsel now acknowledges, Stevens has not been in communications with counsel and has not authorized counsel's advocacy on her behalf. Counsel's advocacy as to all of Debtor's motions herein - including rejection of the executory contract, lifting the automatic stay and the request for a reference to the state court – was an impermissible advocacy of counsel's interests as a creditor of Stevens. As such, the reference to the state court should be withdrawn.

Nine months after the reference, the state court proceeding has not produced the requested judgment. Indeed, the state court likely is in a quagmire, given counsel's conceded lack of authority to represent Stevens and given jurisdictional and conflict of interest issues. In order to finally resolve this case, Debtor moves the Court to withdraw the reference and decide all state law contract issues.

# BACKGROUND

On June 6, 2013, Debtor filed a "Motion to Reject Executory Contract" [Contract Rejection Motion]. Thereafter, an opposition and additionally a motion to lift the automatic stay were filed in Stevens' name by Rossi Hamerslough Reisch & Chuck [Hamerslough]. The stay relief motion was signed by David Hamerslough as counsel for Stevens. On September 5, 2013, the Court denied the Contract Rejection Motion and concurrently granted stay relief to allow Stevens to seek in state court a judgment against Debtor. Thereafter, On December 7, 2013, a Motion to Enforce Settlement Agreement was filed in the state court by Hamerslough. On April 14, 2014, Debtor filed an "Ex Parte Motion to Strike Appearances of Counsel." On April 17 2014, Hamerslough filed herein an "Objection to Debtor's Motion to Strike Appearances." [Strike Motion Objection].

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  The Representations

A.  *The motion for relief from stay was not authorized by Stevens and therefore was improper.*

In the Strike Motion Objection, at 1-2, Hamerslough represented that Stevens "…has not expressly retained this firm to represent her interest…" and that Stevens "…is presently unavailable…"[1] At the core, the representations acknowledge that Hamerslough has not been in communications with Stevens and of necessity she has not authorized on her behalf any pleadings or advocacy by Hamerslough. While the representations do not detail the last date which Hamerslough communicated with Stevens, the representations clearly state that Hamerslough has not been retained to authorize Hamerslough advocacy. Additionally, Debtor maintains that Hamerslough has not been in communications with Stevens and that Stevens has not authorized his advocacy on her behalf for at least since the filing of Debtor's petition.

Debtor maintains that Hamerslough has had communications and representation impasse issues with Stevens since approximately 2011 during and following a related bankruptcy proceeding wherein (a) this Court[2] concluded that under the Settlement Agreement, Stevens had no ownership or officer interests in TV 32 Digital Ventures Inc. and (b) after Stevens then bankruptcy counsel (William Healy) withdrew from the related bankruptcy proceeding and thereafter secured a default judgment against Stevens. See, Declaration of Booker T. Wade Jr., Exhibit A. The conclusions by

---

[1] On a recurring basis, Debtor sees and talks with Stevens in Palo Alto as detailed in the Motion to Strike Appearances of Counsel, filed on April 14, 2014.

[2] The reference is to the Hon. Arthur Judge Weissbrodt who presided over the TV 32 Digital Ventures Inc.

1    the Court in this related proceeding that Stevens had no ownership interests in TV 32 Digital

2    Ventures Inc., and the default judgment by her former bankruptcy counsel, and a default judgment

3    in state court on behalf of the U.S. Small Business Administration, all reflect that Stevens has no

4    economic incentives or motivations for advocacy of any interests as any benefit of any interests

5    would inure only to her creditors. The representations of Hamerslough effectively acknowledges

6    that this proceeding has not been about the interests of the Estate or Stevens but been about

     Hamerslough and his co-counsel's advocacy and efforts to secure legal fees owed them by Stevens.

7          Adjudicating or protecting the interests of a creditor of a creditor or even a fiduciary of a

8    creditor is not the role of the bankruptcy court. Instead, this Court is a forum where creditors and the

     Debtor can settle their disputes with each other. *In re Refco Inc.*, 505 F.3d 109, 118 (2d Cir. 2007).

9    As the reference was based unknowingly on advancing the interests of Hamerslough in securing

10   access to legal fees owed to him by Stevens, and not the interests of Stevens as a creditor, the

11   reference is not supportable. It should be withdrawn.

12        B.   *An attorney's duty of candor pervades every aspect of practicing law, in and outside the*
               *courtroom, and counsel's lack of authorization should have been disclosed earlier.*

13

14   *California Rules of Professional Conduct* 5-200, Trial Conduct, states that in presenting a
     matter to a tribunal, a member –

15   (A) Shall employ, for the purpose of maintaining the causes confided to the member, such

16   means only as are consistent with truth; and

17   (B) Shall not seek to mislead the judge, judicial officer or jury by an artifice or false
     statement of fact or law;

18

19        The California rule differentiates between using truthful means of representations and

20   misleading the court as it is possible to present technically correct bits of information but in a

21   manner that is misleading in context. The duty of candor is violated by omission. ABA Model Rule

     3.3 Comment [3] notes that there are circumstances where the "failure to make a disclosure is the

22   equivalent of an affirmative misrepresentation." Debtor maintains that counsel has known of the

23   inability to communicate with Stevens and her lack of authorization to represent her interest for

24   some time, including prior to when counsel filed its request for stay relief. Yet, counsel omitted to

25   so disclose.

26        The non-disclosure of a lack of authorization to represent Stevens also runs counter to

     federal policies. This circuit has concluded that while state professional responsibility rules may

27   inform federal courts, federal courts have inherent authority to hold counsel accountable for

28

1  omissions "…made at a time when it was to his interest to claim that his actions for his client were

2  done by him in his capacity as attorney for the client. *Cord v. Smith*, 338 F.2d 516, 524-525 (9th Cir.

3  1964). The reference to the state court should not be predicated on the failure to disclose a material

   and pivotal fact. It should be withdrawn.

4          C.     *A nunc pro tunc ratification of representation would be unavailing.*

5          No doubt counsel may be making extraordinary efforts to communicate with Stevens and

6  thereafter persuade her to authorize retroactively his advocacy, likely including threatening an

7  involuntary bankruptcy. Such efforts would be coercive.

          The Court should not allow a retroactive cure. The *nunc pro tunc* doctrine can only be

8  employed to correct mistakes or omissions in the record so that the record reflects the events that

9  actually took place and not an event to attempt to rewrite history. The doctrine may not be used to

10 retroactively record something that never occurred or have the record reflect a fact that did not then

11 exist. *Glynne v Wilmed Healthcare*, (4th Cir. 2012) 699 F. 3d 380, 384-385, citing *Ex parte Buskirk*,

12 72 F. 14, 20-21 (4th Cir. 1896).

13     II. Withdrawing he Reference – Statutory and Equitable Basis

          Pursuant to Section 1334(c)(1) of the Code, and concluding that the interests of justice, and

14 the interest of comity and respect for state courts and respect for state law was pivotal, this Court

15 exercised its discretion and abstained from hearing state law contract issues arising under the

16 Settlement Agreement between Debtor and Stevens. The Court referred the matter to the Santa Clara

17 County Superior Court to consider state contract issues and enter a judgment thereon. The pivotal

18 factual predicates of the Court's decision have proven to be erroneous, as more fully detailed below.

19         Interests of justice or interest of comity with state court does not weigh in favor of abstention

20 where this Court could adjudicate state court action fairly quickly even though there are state court

   issues but where the major defense has a preclusive effect as to Debtor's interests and the interests

21 of the Estate. In such event, the Court could more easily address state court issues (a) as they are not

22 difficult (b) state claims are deeply related to bankruptcy issues (c) the Court's docket is not

23 overburdened (d) where comity weighs only slightly in favor of abstention and (e) where there is no

24 prejudice to Stevens.[3] See, *In re Book Mays Music Co.* (2007 BC ND Tex) 363 B.R. 801. All these

25 factors herein balance toward withdrawing the reference.

26

27 [3] Debtor notes that as Stevens has not appeared herein nor authorized counsel herein, neither has she
   appeared in the state court proceeding. Her non-participation reflects the view that neither proceeding can
28 benefit or prejudice her as all outcomes precludes her receiving any financial returns.

A. *This Court should no longer abstain and should withdraw the reference in the interest of justice and judicial economy.*

Generally, this Court may and should withdraw the reference in the interest of justice. Under 28 U.S.C. 1334(c)(1), permitting a state court to hear a proceeding properly before this court must be a product of balancing multiple interests. *In re Tucson Estates Inc.* (9th.Cir.1990) 912 F 2d 1162, 1167.No single factor is determinative. *In re Lazar* (BC CD CA 1996), 200 B.R. 358, 372. Specifically, in applying and balancing these factors, and in granting stay relief, this Court relied on four factors: (1) judicial economy (2) expertise of the state court (3) perceived absence of prejudice and (4) then absence of bankruptcy issues. "Order: (1) Denying Motion to Reject Settlement Contract and (2) Granting Motion for Relief From Stay," filed on September 9, 2013, at 12-13 [Order]. In retrospect, although the Court may have expected these four factors to produce a sought state court judgment timely, just the opposite has occurred. Nine months later, all these factors now balance toward withdrawing the reference and not abstaining.

1. Judicial Economy

In its Order, the Court resolved that given the involvement of the former presiding judge of the state court and an arbitrator, it saw little value to intervening in the state action, suggesting that judicial economy favored abstention. This has changed with nine months of delay and stalemate. Debtor submits that the value now is in resolving expeditiously this case, as the state court proceeding has gotten bogged down, if not completely frozen, as further detailed below.

2. State Court Expertise

In its Order, the Court resolved that state law issues dominated the disputes, suggesting that the state court was the better forum and that no bankruptcy issues were presented. However, as this Court also acknowledged, the state law issues were "...nothing more complicated than competing "...ownership claims to assets." Order, at 13. Also, the Court acknowledged that whatever would be the result from the state court proceeding, ultimately the disputes would return to this Court as a part of adjudicating the prevailing claims [if any] of Stevens. As the claims are simply contract claims and ultimately must be resolved by this Court, the Court should withdraw the reference and conclude this case.

3. Bankruptcy Issues

In its Order, the Court concluded that no bankruptcy issues were involved. However, that has proven not to be the case. Hamerslough has asked the state court not only to enter a judgment for Stevens – but also to execute upon that judgment by, *inter alia*, directing the clerk of the state court

to involuntarily transfer title to the Palo Alto condominium to Stevens and allowing Stevens to sell the property while retaining 100% of all proceeds received.

In granting stay relief, this Court permitted the state court to enter a judgment. Stay relief was not given to *execute* upon any judgment. Execution upon the judgment is the exclusive prerogative of this Court, particularly as the property was claimed as exempt. As no objections were made, the exemption has been allowed. The allowed property exemption removed the property from the Estate and placed it beyond the reach of pre-petition creditors. *Matter of Gebhart* (9th Cir. 2010), 621 F 3rd 1206, 1209-1210. While the homestead exemption may have conditions, exclusions and qualifiers, those issues are bankruptcy law issues beyond the competency of the state court. Further, in its Order, this Court specifically concluded that this Court would review and adjudicate any judgment for Stevens as a part of the bankruptcy claim allowance process when a proof of claim is filed. All of this dictates that the reference should be withdrawn.

Finally, in addition to the foregoing, other federal law issues presented, as detailed in Section C, below.

4. Prejudice

In its Order, the Court acknowledged Debtor's resolve that the state court proceeding has not been impartial. The Court concluded that no prejudice would arise to Debtor as the state courts had considered and rejected Debtor's claims of bias. Actually, there has been no state court ruling addressing the merits of Debtor's claims. State appellate courts declined to hear the claims of disqualification on an *interlocutory* basis, exercising discretion not to hear the claim out of turn. The Debtor's only hearing on the merits of the claim of disqualification and/or bias must wait until Debtor exercises his right to appeal from a final judgment - one that has not yet been rendered nor entered. Following the reference, and following the announcement of the grant of the motion to enforce the Settlement Agreement, the state court dismissed the claims of disqualification and/or bias as moot. With respects, the logic escapes the Debtor. Debtor's counterclaims arguably are moot, but the disqualification issues remains.

*B. The state court is in a quagmire unable to extricate itself.*

1. Six months is more than enough time for the state court to have entered a judgment.

Nine months ago, the Court granted stay relief to permit the state court to enter a judgment as to disputes arising under the Settlement Agreement. Debtor submits that this Court anticipated that summary proceedings to produce and enter a judgment would have been completed months ago.

The delay has not been the fault of Debtor. Instead, unable to communicate with Stevens, the delay has been the fault of Hamerslough. Debtor notes that the motion to enforce the settlement agreement was not filed until months following the grant of stay relief. Also, the state court granted the motion to enforce on January 24, 2014. Within five days thereafter, Hamerslough was required by local court rules to submit a proposed judgment. See *California Rules of Court*, Rule 1312(a). But he did not do so. He was not late in the ordinary sense. Instead, he waited for three months. He was so belated that he forfeited the right even to submit a proposed judgment. *California Rules of Court*, Rule 1312(d). His submission came just two days after the hearing in this Court on Debtor's Proposed Plan of Reorganization and Disclosure Statement. Debtor submits that the extraordinary delay until after the hearing in this Court was a calculated ploy to determine what *this Court* would accept as part of the state court judgment. This was pure gamesmanship. The contents of the state court judgment should be a product of the state court's independent determinations on the merits of the state issues as presented in the state proceeding, not a result orientation predicated on bankruptcy issues or decisions of this Court.

2. While the state court has announced its decision and granted the motion to enforce the agreement, such an announcement by itself is void of any legal effect.

After trying questions of fact, the state court is required to announce its tentative decision by an oral statement entered in the minutes, or by a written statement entered in the record. *California Rules of Court*, Rule 3.1590(k). The purpose of the announcement is merely to start the time running on a request for a statement of decision. 9 *Witkin: California Procedure* (3rd Edition 1985), Appeal, Section 9; *Code of Civil Procedure* Section 662. Neither the announcement nor the entering of an order granting the motion has any legal effect or is binding upon the Court or any party. 7 *Witkin: Cal. Proc. (5th)*, Judgment, Section 8. No party may rely on it for any legal purpose. It is only an aid to interpreting an uncertain decision. *United Pacific Insurance Company v Hanover Insurance Company* (1990) 217 Cal App 3d 925, 934, citing *California Rules of Court*, Rule 3(1590(e). The granting of the motion to enforce the settlement agreement simply furthers the intent of the tentative decision. It is not a final determination and it lacks legal effect. *California Rules of Court*, Rule 3.1590(h). This Court should not conclude that the grant of the motion to enforce the Settlement Agreement has reached some substantive legal result justifying this Court to act on a non-existent judgment.

To date, the state court has not adopted the Hamerslough submitted proposed judgment nor the alternative proposed judgment submitted by Debtor. Nor has the state court issued findings or

1  conclusions or a statement of decision which normally precede entry of a judgment and upon which
2  a proposed judgment is based. Whether the state court intends to issues findings, conclusions or a
3  statement of decision or neither, the state court is required to enter a judgment within fifty (50) days
   of the announcement of its grant of the motion to enforcement the Settlement Agreement. *California*
4  *Rules of Court*, Rule 1.1590(i). The court has not done so and the last date expired on March 14,
5  2014.

6       Debtor submits that the state court is stymied, faced with the knowledge that Hamerslough
7  lacked authorization by Stevens to file the motion to enforce the settlement agreement, even though
   Hamerslough represented in the motion to enforce the Settlement Agreement that it was filed on
8  behalf of Stevens. The consequence of all this is that this Court's objective, as reflected in the stay
9  relief order, has been frustrated. This is the fault of Hamerslough.

10      Given the foregoing and as the state issues do not present any novel or special factual or
11  legal issues, the Court should withdraw the reference and thereafter decide the state issues.

12      *C. Federal issues now dominate the state court proceeding.*

13      In making the reference to the state court, this Court in applying one of the factors required
14  under *Tucson Estates, supra,* concluded that comity required the Court to defer to the state court as
   the contract issues presented were state issues. Debtor submits that now federal questions dominate;
15  and as a result, this Court should withdraw the reference and decide all issues, including the state
16  court issues.

17      The federal issues include (1) collateral attack on the state court *order* making the Settlement
18  Agreement binding and/or collateral attack on any state court *judgment* which ensues from a
19  disqualified judge (2) state court's jurisdiction under the Federal Arbitration Act and (3) recently
   decided federal due process requirements applicable to state court judges where state safeguards
20  against the risk of bias are inadequate.

21      1. The Settlement Agreement is void and subject to collateral attack in this Court.

22      The oral Settlement Agreement between Debtor and Stevens made on the record is
23  enforceable if made before a judge and the judge declares an agreement. *Code of Civil Procedure*,
24  Section 664.6.That was the case herein. However, the Presiding Judge before whom the Settlement
25  Agreement was negotiated and who declared it binding, subsequent to the order declaring it binding,
   *sus sponate,* disqualified herself from the proceeding, given that concurrently with her negotiating
26  the Settlement Agreement, she also was negotiating gainful employment opportunities with the
27  arbitrator she appointed to police settlement implementation disputes, in violation of applicable
28

1    judicial qualification statues, *Code of Civil Procedure* Section 170.1(a)(8). See <u>Order re</u>

2    <u>Disqualification,</u> Superior Court of California, Case No. 1-07-CV-090284, entered April 2, 2010. Exhibit B, attached hereto.[4]

3       For over a century, the California Supreme Court has held that the orders of a disqualified

4    judge are void. *Meyer v San Diego* (1898) 121 C. 113. That Court over the years consistently has

5    upheld that strict view. See, e.g., *Cadenasso v Bank of Italy* (1932) 214 Cal. 362. Further, in

6    conformity with the state high court's holding, the state Court of Appeal has reaffirmed that an order

7    by a disqualified judge is void. *Noorthek v Superior Court*(1969)269 Cal. App. 2d 600, 605.

Different state courts of appeal recently have reaffirmed the void holding *and additionally have*

8

*clarified* that the orders of a disqualified judges are void *ab initio. Auto Equity Sales Inc. v Superior*

9

*Court* (1962) 57 Cal. 2d 450, 455; *Christie v City of El Centro* (2006) 135 Ca. App. 4[th]767, 776.

10    The orders are void when the facts creating disqualification arises. *Christie*, at 776. As such, as the

11    facts creating the disqualification occurred concurrently upon binding the Settlement Agreement, the

12    Settlement Agreement is void and lacks legal effect.

      This Court has noted that Debtor previously has attempted to set aside the Settlement

13

Agreement without success. Indeed, the <u>Order</u> recites the efforts as detrimental to Debtor. However,

14

under California law, the Debtor is <u>obligated</u> to act diligently to set aside a void order of a

15

disqualified judge, less the Debtor waive the right on appeal to challenge a later entered judgment.

16    *Christie*, at 776-777, citing, *Urias v. Harris Farms, Inc.* (1991) 234 Cal.App.3d 415, 424-425

17    [holding that a party seeking to set aside a voidable judgment or order must act to set aside the order

18    or judgment before the matter becomes final]. The Court should not disfavor Debtor's efforts at

19    compliance with state law in order to protect his appellate post-judgment rights.

      Debtor recognizes that this Court generally elects to defer to the decisions of the state courts

20

in interpreting and applying state law. However, under federal substantive law, the void order of a

21

disqualified state court judge lacking subject and personal jurisdiction can be attacked in federal

22    courts. *Long v Shorebank Development Corp.* 182 F.3d 548, 561 (7th Cir. 1999). Indeed, in *Long*,

23    the Court cites with approval an Illinois statute providing that a void order may be attacked "…*at*

24    *any time, in any court, either directly or collaterally*…" As in *Shorebank*, California also permits

25    repeated attacks on a void order before and after it is final. *Christie, supra.*

26

27    _____
[4]Pursuant to Federal Rules of Evidence 902(1)(A), Debtor moves the Court to take judicial notice of the

28    "Order re Disqualification."

system Case5:14-cv-02486-LHK Document1 Filed05/30/14 Page13 of 48

2. Any judgment of the state court would violate the Federal Arbitration Act.

The Settlement Agreement provided that any disputes as to its implementation would be resolved exclusively by the appointed arbitrator. The United States Arbitration Act (FAA) requires that where parties to a contract agree upon private arbitration, absent factors not present herein, the arbitration provisions are binding and both state and federal courts are divested of jurisdiction over disputes arising under the contract. The only authority state and federal courts have is to confirm or enforce decisions of the arbitrator. *Southland Corp. v. Keating*, 465 U.S. 1, 16.The Supreme Court has been strict and steadfast, concluding that in enacting Section 2 of the FAA, Congress declared a national policy favoring arbitration and withdrew the power of the courts to resolve claims that the contracting parties agreed to resolve by arbitration. The FAA created federal substantive law and that is applicable to both state and federal courts. *Southland*, 10-16.

Debtor and Stevens agreed upon arbitration and both previously have sought resolution of disputes by the arbitrator who has issued decisions thereupon. Despite the agreed upon and non-contested arbitration provisions, and despite the FAA, the state court has announced its intention to resolve the disputes, rather than refer the disputes to arbitration. Debtor notes that no order of the arbitrator is before the state court for confirmation. Indeed, Debtor moved the state Court to accede to the arbitrator's 2010 decision that the Palo Alto condominium need not be sold because, *inter alia*, Stevens was in default on her obligations to pay her share of the carrying costs of property. That decision by the arbitrator binds the state court. However, the state court did not even address the arbitration provisions.

While the normal rule is for federal courts to defer to a state court to decide if the state court has jurisdiction, that rule does not apply to arbitration issues. As the Supreme Court has held, for a federal court to delay enforcement of the arbitration provisions pending review of, and thereafter enforcement of, a state court decision or judgment "…would defeat the core purpose of a contract to arbitrate." *Southland*, at 7-8. As legal issues arising under the FAA are dispositive, Debtor submits that the Court should withdraw the reference and accede to the decision of the arbitrator.[5]

3. The *Rooker-Feldman* Doctrine does not apply.

In addition to the FAA provisions, other federal issues are presented. Under the *Rooker-Feldman* doctrine, lower federal courts do not have subject matter jurisdiction over claims seeking review of state court decisions. *Rooker v Fidelity Trust Co*, 2563 U.S. 413, 415-216; *District of*

[5] At Exhibit C are copies of letters from Debtor and counsel for Stevens presenting the issues. Debtor will move the Court to issue a subpoena to the arbitrator for the necessary records to document his decision.

Case: 13-50376 Doc# 139 Filed: 05/28/14 Entered: 05/29/14 15:04:25 Page 10 of 25

1  *Columbia Court of Appeals v Feldman* 160 U.S. 462, 482-486. This suggests that the doctrine

2  supports abstention. A closer examination of the doctrine reflects that the doctrine does not apply

   herein.

3      Four components are the *Rooker-Feldman* doctrines are not present herein. First, the

4  doctrine requires that deference be given a state court "judgment." *Long, supra*, 554-555. Herein,

5  there is no judgment. As noted above at Section B. 2., an announcement of intent to issue a

6  judgment lacks legal effect. Second, the judgment must be "final" in order to assure that parties have

7  had a reasonable opportunity to present their claims. *Long*, 560-561. Thus, even if the state court's

   announcement of a grant of the enforcement motion was considered as a judgment, it is not "final"

8  as no appeals have been heard or resolved. Third, the claim of injury asserted in the federal forum

9  must result from the judgment itself. Where the claim is independent of the judgment, it is beyond

10 the doctrine. *Long*, 555.

11     Herein, Debtor's claim is two-fold: (1) the state court judge's order binding the Settlement

12 Agreement was void *ab initio* and (2) the implicit assertion of jurisdiction by the state court in

13 granting the motion to enforce the Settlement Agreement violates the FAA which requires the state

   court to honor the arbitration provisions in the Settlement Agreement. *Long, supra*, 561 [violation

14 of federal civil rights statute as independent of judgment under state eviction proceedings]. Yet, the

15 state court in its grant of the enforcement motion has not done so. While the issues may be related

16 and intertwined, that does not mean the *Rooker-Feldman* doctrine applies. *Long*, 555. The point is

17 that neither of Debtor claims is the result of injury caused by a judgment as no judgment exists. As

18 the Supreme Court as held, the injury is requiring Debtor to bear the burden of litigating his interest

19 in a forum that lacks jurisdiction. *Southland*, 7-8. The injury is also to the public's perception of the

20 impartiality of the judicial process.

   III. Withdrawing the Reference – Constitutional Due Process Basis

21     A. *Due process requires a federal remedy where a state court fails to guard adequately*

22        *against the risks of bias.*

23     The United States Supreme Court recently held that where state judicial ethics law are

24 inadequate or fail to guard against the risks of actual bias, the due process clause of the 14th

25 Amendment requires a judge to recuse him/herself not only when actual bias has been demonstrated

26 or when the judge has an economic interest in the outcome of the case, but also when specific facts

   are so extreme they create a probability of the risk of bias. *Caperton vs. A.C. Massey Coal Co. Inc.*

27 (2009) 556 U.S. 858, 129 S.C.2252, 223-2264, citing *Withrow v. Larkin*, 421 U.S. 35, 47; See also,

28

Spektor: Judicial Recusals & Evolving Notions of Due Process (2010) 13 *University of Pennsylvania Journal of Constitutional Law* 171.

In *Caperton*, the Supreme Court shifted judicial disqualification decision making from the historic analysis as implemented by prior state and federal precedents, to one based on basic principles of fairness and justice. Following and interpreting *Caperton*, the California Supreme Court has held that *Caperton* does not require recusals that present only questions of the appearance of bias if state law remedies are adequate. *People v. Freeman*, (2010) 47 Cal.4th 993 (2010) [allegations of a defendant stalking judge does not require his qualifications under *Caperton*]. Instead, the state Supreme Court concluded that *Caperton* is implicated where, as herein, the claims of bias involve pecuniary interests of a judge, i. e., the gainful employment of the Presiding Judge by JAMS Inc. As the legislature has concluded that concurrent employment discussions with JAMS Inc. while enforcing JAMS Inc. orders creates a risk of *actual bias, Caperton* requires recusal as "the probability of actual bias "…is too high to be constitutionally tolerable." *Withrow,* 47. The state court in granting the motion to enforce the Settlement Agreement did not conclude that *Caperton* somehow does not apply. The court simply ignored the issue and the precedent. Debtor submits that the facts in the state proceeding are extreme and are within the ambit of *Caperton*. Given this, the Court should withdraw the reference.

> B. *A judge's pecuniary interests and/or extreme case facts violate due process and require federal remedies.*

Debtor maintains that the state court proceeding decision making is tainted by the pecuniary interests of the former Presiding Judge and case facts that are so extreme that *Caperton* requires this Court to apply an appropriate remedy, i.e., withdrawal of the reference.

Gainful employment is of course receiving money for services. *Black's Law Dictionary* (9th ed. (2004). The former Presiding Judge in declaring her disqualification and citing the applicable statute acknowledges the violation. As such, there is no question that pecuniary interests of the judge are involved violating due process. *U.S. v Will* (1980) 449 U.S. 200, 213 Thus, *Will* is applicable herein under *Caperton*. The state court not acknowledging the applicability of both precedents justifies a withdrawal of the reference.

Extreme facts are also present and cumulatively, the extreme facts detailed above and below, implicate *Caperton*. These extreme facts include the following. All of these were presented to the state court, but the Court dismissed them all without explanations or discussions as moot.

(1)    Judge Jacobs-May Disqualification

The former Presiding Judge voluntarily entered her disqualification conceding she had violated Section 170.1 of the *California Code of Civil Procedure*. On the record, she advised that she was not aware of the prohibition. Debtor submits that the lack of knowledge of a presiding judge as to permitted conduct involving the procurement of an employment economic interest with a case participant-decision maker given carte blanche authority is extreme.

(2)    Referral to Judicial Council

Upon her disqualification, the Presiding Judge directed her law clerk in open court to consult with the clerk of the Court to designate a replacement judge. The law clerk complied and during open court telephoned the clerk of the Court and during the conversation Judge Kleinberg was designated.

The Presiding Judge lacked the authority to participate to any extent in the reassignment of the proceeding to another judge. See, e.g., *Grutter v Bollinger* 16 F. Supp. 2d 797, 801, citing *Flamm: Judicial disqualifications*, Section 11.1 (2d Ed. 2007). Under federal due process standards, the participation by a disqualified judge in the reassignment of a case violates due process. *Will, supra, at 213*. The referral should have been made to the California Judicial Council as the appropriate party. *Code of Civil Procedure*, Section 170.3. The state court in granting the motion to enforce the Settlement Agreement did not even address the issue.

(3)    Judge Jacobs-May JAMS Employment

Subsequent to her retirement from the Court in January 2011, the Presiding Judge accepted employment with JAMS as a neutral. Debtor submits that the acceptance of employment further compounded the legislative presumed conflict of interest emanating from the pre-retirement employment discussions. The acceptance of employment and its economic benefits confirmed as actual the presumed bias.

(4)    Judge Jacobs-May Personal Jurisdiction

The former Presiding Judge specifically retained *personal* jurisdiction to the exclusion of all other judges over the proceeding, even when absent and in the case of an emergency, the latter in total disregard of the interests of the parties. During one absence a dispute developed as to protecting a license to build a new and valuable cellular service in Oregon occurred requiring a ruling from the Court.[6] Judge Mark Pierce very specially declined to hear the emergency, holding

---

[6]Under policies of the Federal Communications Commission, the action required to protect the license required the ruling of a court of law, rather than the appointed arbitrator.

1  that only the then Presiding Judge had jurisdiction. Debtor maintains that retention of personal
2  jurisdiction was an effort to protect the reputational interests of the presiding judge as an ADR
3  expert and potential employment with JAMS, not as the guardian of impartially enforcing the
   Settlement Agreement.

4          (5)    Judge Kleinberg Ruling

5          Judge Kleinberg refused to vacate the order of the Presiding Judge declaring the Settlement
6  Agreement as binding. Also, the judge specifically declined to state for the record the basis of that
7  refusal. Debtor maintains that the refusal was an effort to protect the reputation for settlements of
   the former Presiding Judge.
8
           (6)    Judge Silver
9
           Upon the disqualification of the former Presiding Judge, Section 1281.91(d) of the *Code of*
10 *Civil Procedure*, on its face, automatically disqualifies the appointed arbitrator. Yet, the arbitrator
11 declined to even address the applicability of Section 1281.91(d).

12         (7)    Judge Silver's Non-Disqualification

13         Upon consideration of a motion to disqualify the arbitrator, the state Court refused, holding
   inexplicably holding that the provisions of Section 1281.91(d) were not applicable.
14
           (8)    James Towery and the Hamerslough Law Firm
15
           During the proceeding through the time of the Settlement Agreement until April 22, 2009,
16 James Towery, then of Hoge Fenton Jones and Apple Inc., was counsel for Debtor. Thereafter, he
17 joined the firm which represented Stevens. Under professional rules, Mr. Towery was prohibited
18 from disclosing confidential information provided him by Debtor to any attorney in the firm
19 representing Stevens. The duty of confidentiality is fundamental to the attorney client relationship
20 and a principle that binds counsel. This obligation is a very high and stringent one. *Business &*
   *Professional Code Section* 6068(1); *Flat v Superior Court* (1994) 9 C.4th 275, 289. Debtor
21 maintains that some confidential communications between Debtor and his former counsel governing
22 the scope of authority of the JAMS arbitrator was communicated to the arbitrator and members of
23 the firm representing Stevens. The state court did not address the issue.

24         (9)    Judge's Spouse Employment with Huge Fenton

25         On September 29, 2011, Huge Fenton Jones &Appel Inc. filed a complaint in state court
26 against Debtor alleging breach of contract for legal fees. The case was assigned to Judge
   McKenney. Debtor filed a motion requesting Judge McKenney to recuse himself. This followed the
27 judge disclosing to the parties that his spouse previously had been employed with Hoge Fenton and
28

that James Towery, Debtor's former counsel then with Hoge Fenton, and Judge McKenney were both colleagues and instructors at Golden Gate University Law School in San Jose. The request for recusal was summarily denied.

    (10)    Judge James Towery

In December 2013, James Towery was appointed to be a member on the Santa Clara County Superior Court. As a colleague with a vested economic interest in the outcome of the settlement agreement proceeding and the related Hoge Fenton v Wade proceeding, Debtor maintains that the probability of the risk of bias by members of the state court is greater than the mere appearance. Debtor submits that a Court adjudicating claims for financial benefits on behalf of a fellow sitting judge, would offend to the extreme reasonable perceptions of impartiality and produces a probability of the risk of bias.

## REQUESTED RELIEF

In view of all the foregoing, Debtor requests as follows:

    * The withdrawal of the reference to the Santa Clara County Superior Court and thereafter hear and resolve any and all disputes if any of the Debtor and Arlene Stevens arising under the Settlement Agreement.

    * Alternatively, in the event the state court acts on the reference and enters a judgment against Debtor, to treat this motion as one to reject the judgment for all the reasons stated herein, but particularly the applicability of the United States Arbitration Act and *Caperton*.

## CONCLUSION

The reference to the Santa Clara County Superior Court was anticipated to have been concluded by now. Further delays can be expected. Even if a judgment is entered by the state court, federal issues now predominate while state issues do not involve unsettled state law and the reference now involves, not a claim by Arlene Stevens, but only the claims of creditors of Stevens. Under these circumstances, this Court should withdraw the reference and thereafter consider and decide all state court issues in order to expedite and conclude this case.

Respectfully submitted,

Booker T. Wade Jr.
Debtor

May 23, 2014

**Exhibit A**

Declaration of Booker T. Wade Jr.

## Declaration

I, Booker T. Wade Jr., declare as follows:

1. From my participation in a bankruptcy proceeding regarding TV 32 Digital Ventures Inc.,., an entity in which I then had 100% ownership, I learned that Arlene Stevens resisted communications or was not in communications with the lawyers appearing on her behalf, including David Hamerslough. After being unsuccessful in persuading the bankruptcy court that she had ownership interests in TV 32 Digital Ventures Inc., shortly thereafter she no longer participated in the proceeding.

2. Arlene Stevens has not participated in any of the proceedings before the Santa Clara Superior Court or the proceedings before the arbitrator assigned by the state court since at least 2011.

3. In May, 2010, the arbitrator appointed by the state court, held a hearing and concluded that the provisions in the settlement agreement between Arlene Stevens requiring the residential condominium known as 605 Forest Avenue need not be sold given that Arlene Stevens had breached obligations to pay sixty percent of the carrying costs of the property.

4. I have composed and read the pleading associated with this declaration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true.

May 23, 2014

_____
Booker T. Wade Jr.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit B**

Order of Disqualification

**F I L E D**

APR 0 2 2010

DAVID H. YAMASAKI
[Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY_____ DEPUTY

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SANTA CLARA**

| | |
|---|---|
| ARLENE D. STEVENS | Case No. 1-07-CV-090284 |
| Plaintiff, | Order re: Disqualification |
| v. | |
| BOOKER T. WADE, JR., AND DOES 1 to 10, inclusive | |
| Defendant. | |

On March 29, 2010, for reasons fully set forth on the record on March 25, 2010, I recused myself from this case pursuant to Code of Civil Procedure section 170.1 (a)(8).

Dated: 4/2/10

_____
Jamie Jacobs-May, Presiding Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit C**

Presentation Letters to Arbitrator Concerning Palo Alto Condo

Stevens v Wade REF# 1110011534

**booker wade**
8/10/10

To: Richard Silver

Cc: David Hammerslough, Robert Chiles, Cynthia Victory, linda@rhrc.net



From:**booker wade** (bookertwade@hotmail.com)
Sent: Tue 8/10/10 12:20 PM
To:    Richard Silver (rsilver@mbay.net)
Cc:    David Hammerslough (dave@rhrc.net); Robert Chiles (rchiles@chilesprolaw.com); Cynthia
       Victory (cvictory@jamsadr.com); linda@rhrc.net
Judge Silver:

I understand that Mr. Hamerslough has requested a hearing regarding the Palo Alto condominium
and Wedding Television. As to the Palo Alto condo, you have previously heard and addressed
issues/arguments from both sides. You concluded it was not appropriate to proceed further. As to
the Wedding Television programming assets, the Settlement Agreement required these assets to
be delivered to Ms. Stevens in exchange for her dismissing KMTP TV. The assets were provided to Ms.
Stevens in December 2009. Ms. Stevens refused to file the dismissal maintaining that some
unidentified items were missing. In February 2010, the Presiding Judge directed Ms. Stevens to
provide an affidavit under oath as to any missing items. She has refused to do so. She apparently is
judge shopping seeking your intervention to overrule the Presiding Judge. Given the
circumstances, a hearing is unnecessary. If anything, given Ms. Stevens' refusal to file the dismissal
and to comply with the Presiding Judge's directive, I ask that you summarily conclude that KMTP TV
and I are excused from any obligations.

Booker Wade

ROSSI   HAMERSLOUGH   REISCHL    CHUCK    A Professional Law Corporation   1960 The Alameda. Suite 200 San Jose. CA 95126 P (408) 261-4252 F   www.rhrc.net

May 18, 2010

**(Sent Via Email)**

Hon. Richard Silver
JAMS
160 W. Santa Clara Street, #1150
San Jose, CA 95113

> **Re:**   **Stevens / Wade**
> **Your File:**   **79316**
> **Our File:**    **D08115**

Dear Judge Silver:

This letter is submitted with regard to the issues that will be addressed at tomorrow morning's hearing.

The Palo Alto condominium property has still not been listed for sale by Mr. Wade despite numerous efforts on the part of Ms. Stevens' counsel and orders by you that it be listed and sold. (Order dated April 10, 2009, July 10, 2009 and August 14, 2009.) The listing brokerage and agent (Alain Pinel/Shelley Roberson) have been selected. The listing agreement and other documents were forwarded to Mr. Wade's counsel on April 10, 2009. Mr. Wade has still failed to sign the listing agreement and other documentation. Mr. Wade has had exclusive possession of the property since May 2009.

Stevens requests that this property be listed and sold. Any issues regarding carrying costs were reserved by you pursuant to prior orders. Stevens requests that Wade pay Stevens rent for the occupancy of the Palo Alto condominium since May of 2009. This request is based on the fact that Mr. Wade has not complied with prior orders to list the property. Mr. Wade has done nothing more than attempt to either undermine or undo this settlement. These efforts have resulted in his getting the benefit of occupying the condominium and causing Ms. Stevens to incur unnecessary additional attorney's fees and costs. From Stevens' perspective, had Wade complied with the settlement the Palo Alto condominium would have been sold and Ms. Stevens would not have incurred the additional attorney's fees and costs. Stevens seeks reimbursement of all attorney's fees and costs incurred as a result of Wade's delay tactics. Stevens also seeks to be relieved of any further financial responsibility for the carrying costs associated with the Palo Alto condominium and that Mr. Wade start paying rent to her to the extent that she has a 60% interest in this property.

May 18, 2010
Page 2

With regard to 1010 Corporation Way, the bankruptcy court has requested a decision as to who has control of TV-32.  The answer to that question will then allow the bankruptcy court to make a decision on two competing requests: (1) Wade's three year plan for a resale or refinance of the 1010 Corporation Way property or (2) Stevens' request that a trustee be appointed who will then take control of the management and sale of the property.  Stevens' request is based, in part, on the fact that Wade continues to rent space at 1010 Corporation Way but not make any payments to Sonoma National Bank or the SBA and on the fact that the Bank of Sonoma has filed an action in Sonoma County Superior Court against Arlene Stevens seeking to enforce the guarantee that Ms. Stevens signed on behalf of TV-32.  Sonoma National Bank has obtained a temporary protective order and has scheduled a hearing on June 1, 2010 for a Writ of Attachment.  They are requesting an attachment against all of the proceeds from the sale of the Woodside property.

A fundamental component of the settlement between Stevens and Wade is that Arlene Stevens be relieved of any liability on the guarantee to Sonoma National Bank and the SBA.  The sale of 1010 Corporation Way as well as other media assets was also to act as security for repayment of money that Mr. Wade owes Ms. Stevens under the settlement.  Both of these are now in jeopardy.  Ms. Stevens' money (Woodside proceeds) is now at risk because of Wade's prior conduct regarding the sale of the property and his request to continue to market the property for three years.  The Corporation Way property is the security device for the obligations which Mr. Wade owes Ms. Stevens under the settlement and her only protection against a deficiency.  The bank has supplied the bankruptcy court with an appraisal of the property showing a current value of approximately $4.3 Million.

The objectives of the settlement are not being met and Ms. Stevens' security interest is being adversely effected by the foregoing conduct and events.  If this status quo continues then the objectives of the settlement will not be met and Ms. Stevens will be prejudiced because the proceeds from the sale of Woodside will be attached by Sonoma National Bank.  For these reasons control of TV-32 rests with Ms. Stevens.  Otherwise, the goal and objectives of the settlement will be frustrated.  Mr. Wade has had his opportunity to market the property.  He has provided this Court with inflated opinions of market value and has not provided this Court with any of the accounting and other information that it has requested regarding this property.

Stevens's contention that ownership and control of TV-32 should be vested in Stevens in order to achieve the objectives of the settlement is also supported by the historical evidence on this issue.  In or around May of 2004, TV-32 Digital Ventures ("TV-32") was incorporated in the State of California. At all relevant times, Ms. Stevens has been, and is, the sole officer, director, and owner of TV-32. Mr. Wade was secretary to the corporation for a very brief period during its initial formation. Mr. Wade fraudulently executed documents relating to the corporation. Mr. Wade has produced stock certificates that he alleges are authentic. Ms. Stevens

May 18, 2010
Page 3

disputes their authenticity and maintains that they are not only false but that if they had been issued, they were issued in violation of the Corporate By-Laws. The By-Laws specify that the same person can not hold both the offices of President and Secretary. The By-Laws were prepared by Mr. Wade and signed by him in his capacity as Secretary of the corporation. The stock certificates however are signed only by Mr. Wade in a purported capacity as both President and Secretary. Ms. Stevens' signature is not on the purported share certificates. In any event, the purported certificates would be deemed voidable in that, on their face, they are in violation of the Corporate By-Laws.

The conclusion that Ms. Stevens is the sole officer, director, and owner of TV-32 is also supported by the SBA financing plan for this entity prepared by Mr. Wade and submitted to Sonoma National Bank and the SBA in support of the request for the financing which currently encumbers the property. Copies of this financing plan as well as the documents referred in the preceding paragraph are available if requested by the Court.

Stevens is requesting an order as follows:

*"Arlene Stevens is hereby appointed to serve as the sole director and President of TV-32 Digital Ventures, Inc. ("TV-32 DV"), with all the rights and powers of a director and of a president, from and after the date of this order and until further order. Arlene Stevens cannot be removed from these positions by any shareholder vote, vote of any board of directors, or act of any officers of TV-32 or those claiming to be shareholders, directors, or officers of TV-32 until further order. Booker T. Wade, Jr., from and after the date of this order and until further order, shall not serve as a director or officer of TV-32 and cannot assert any rights relative to the appointment of Arlene Stevens as the sole director and President of TV-32, whether as an officer, director, or shareholder, until further order. This order is prospective in nature and does not suggest or make any findings regarding the status of Arlene Stevens and her claims relative to her status as a officer, director, or shareholder of TV-32 prior to the date of this order. Booker T. Wade, Jr. will fully cooperate with TV-32 and Arlene Stevens to secure prompt and complete compliance with this order."*

Very truly yours,

(Dictated but not read.)

David Hamerslough

DH:lld
cc:     Client
cc:     Stephen S. Fry, Esq.
cc:     Booker T. Wade
S:\CL\D\D08115\Correspondence\JAMS (Silver)-Wade 05-18-10.doc

**Certificate of Service**

    I, Fan Wen, certify that I am over the age of 18 and that my business address is at 1296 Kifer Road, Suite 606, Sunnyvale, CA 94086. On or before the date shown below, I deposited in the U.S. Mail, first class postage prepaid, a copies of the foregoing pleadings captioned Notice of and Motion to Withdraw Reference and addressed to the following:

Arlene Stevens
P O Box 51310
Palo Alto, CA 94303

The Mlnarik Group Inc.
2930 Bowers Avenue
Santa Clara, CA 95051

Campeau Goodsell Smith
Campeau Goodsell Smith
440 North First Street #400
San Jose, CA 95112

Rossi Hamerslough Reisch & Chuck
1960 The Alameda # 200
San Jose, CA 95126

Hoge Fenton Jones & Appel Inc.
Sixty South Market Street Suite 1400
San Jose, CA 95113

Casey O'Connell
Pite Duncan, LLP
4375 Jutland Drive, Suite200
PO Box 17933
San Diego, CA 92177-0933

Fan Wen

May 23, 2014



**DebtEd, REOPENED, APPEAL, FilingFeeDue**

# U.S. Bankruptcy Court
## Northern District of California (San Jose)
### Bankruptcy Petition #: 13-50376
#### Internal Use Only

|  |  |
|---|---|
| *Assigned to:* Judge Stephen L. Johnson | *Date filed:* 01/22/2013 |
| Chapter 11 | *Date reopened:* 02/21/2013 |
| Voluntary | *341 meeting:* 02/27/2013 |
| Asset | *Deadline for filing claims:* 05/28/2013 |
|  | *Deadline for objecting to discharge:* 04/29/2013 |

**Debtor**
**Booker Theodore Wade, Jr.**
605 Forest Avenue
Palo Alto, CA 94301
SANTA CLARA-CA
SSN / ITIN:       -3897

represented by **Booker Theodore Wade, Jr.**
PRO SE

UNITED STATES BANKRUPTCY COURT
Northern District of California
I certify that this is a true, correct and full copy
of the original document on file in my custody.
Dated   5/29/2014
by
Deputy Clerk

**U.S. Trustee**
**Office of the U.S. Trustee / SJ**
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004
( )

represented by **John S. Wesolowski**
Office of the United States Trustee
280 S 1st St. #268
San Jose, CA 95113-0002
(408)535-5525
Email: john.wesolowski@usdoj.gov

| Filing Date | # | Docket Text |
|---|---|---|
| 01/22/2013 | ◐ 1 | Chapter 11 Voluntary Petition, Fee Amount $303.25, Filed by Booker Theodore Wade Jr.. Order Meeting of Creditors due by 1/29/2013.Incomplete Filings due by 2/5/2013. (lub). CORRECTIVE ENTRY: COURT REMOVED SECTION 521 DEADLINE FROM DOCKET TEXT. Modified on 1/23/2013 (kd). (Entered: 01/22/2013) |
| 01/22/2013 | ◐ | First Meeting of Creditors with 341(a) meeting to be held on 02/27/2013 at 09:30 AM at San Jose Room 268. Last Day to Determine Dischargeability of Certain Debts due by 04/29/2013. Proof of Claim due by 05/28/2013. (lub) (Entered: 01/22/2013) |
| 01/22/2013 | ◐ 2 | Statement of Social Security Number. Filed by Debtor Booker Theodore Wade Jr. (lub) (Entered: 01/22/2013) |

| 01/22/2013 | ❏ 3 | Certificate of Credit Counseling Filed by Debtor Booker Theodore Wade Jr. (lub) (Entered: 01/22/2013) |
|---|---|---|
| 01/22/2013 | ❏ 4 | Application to Pay Filing Fee in Installments Filed by Debtor Booker Theodore Wade Jr. (lub) (Entered: 01/22/2013) |
| 01/22/2013 | ❏ 5 | Order Granting Application To Pay Filing Fees In Installments. (Related Doc # 4). Second Installment Payment due by 2/21/2013. Final Installment Payment due by 3/25/2013. (lub) (Entered: 01/22/2013) |
| 01/22/2013 | ❏ | Receipt of Installment Filing Fee for Chapter 11 Voluntary Petition. Amount 303.25 from Booker Theodore Wade, Jr.. Receipt Number 50087495. (admin) (Entered: 01/22/2013) |
| 01/23/2013 | ❏ 6 | Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, and Deadlines (Generated) (kd) (Entered: 01/23/2013) |
| 01/23/2013 | ❏ 7 | Order To File Required Documents and Notice Regarding Dismissal (kd) (Entered: 01/23/2013) |
| 01/23/2013 | ❏ 8 | Order for Payment of State and Federal Taxes (kd) (Entered: 01/23/2013) |
| 01/23/2013 | ❏ 9 | Notice of **Status Conference scheduled for 3/7/2013 at 10:00 AM at San Jose Courtroom 3099 - Johnson.** (kd) (Entered: 01/23/2013) |
| 01/24/2013 | ❏ 10 | BNC Certificate of Mailing - Order for Payment of Filing Fees in Installments . (RE: related document(s) 5 Order on Application to Pay Filing Fees in Installments). Notice Date 01/24/2013. (Admin.) (Entered: 01/24/2013) |
| 01/25/2013 | ❏ 11 | BNC Certificate of Mailing - Meeting of Creditors. (RE: related document(s) 6 Generate 341 Notices). Notice Date 01/25/2013. (Admin.) (Entered: 01/25/2013) |
| 01/25/2013 | ❏ 12 | BNC Certificate of Mailing - Payment of State and Fed Taxes. (RE: related document(s) 8 Order for Payment of State and Federal Taxes). Notice Date 01/25/2013. (Admin.) (Entered: 01/25/2013) |
| 01/25/2013 | ❏ 13 | BNC Certificate of Mailing (RE: related document(s) 7 Order to File Missing Documents). Notice Date 01/25/2013. (Admin.) (Entered: 01/25/2013) |

| | | |
|---|---|---|
| 01/25/2013 | ○ 14 | BNC Certificate of Mailing - Notice of Status Conference in Ch 11. (RE: related document(s) 9 Notice of Status Conference). Notice Date 01/25/2013. (Admin.) (Entered: 01/25/2013) |
| 01/28/2013 | ○ 15 | Request for Notice Filed by Creditor The Mlnarik Law Group, Inc. (Mlnarik, John) (Entered: 01/28/2013) |
| 01/31/2013 | ○ 16 | Notice of Appearance and Request for Notice . Filed by Creditor Hoge. Fenton. Jones & Appel. Inc. (kd) (Entered: 02/01/2013) |
| 02/04/2013 | ○ 17 | Motion to Extend Time Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 02/04/2013) |
| 02/05/2013 | ○ 18 | Supplement to Debtor's Motion for Entry of Order Granting Extension of Time to File Schedules of Assets and Liability and Statement of Financial Affairs. (RE: related document(s)17 Motion to Extend Time). Filed by Debtor Booker Theodore Wade Jr. (yw) (Entered: 02/06/2013) |
| 02/06/2013 | ○ 19 | Creditor's Objection Re (RE: related document(s)17 Motion to Extend Time). Filed by Creditor Hoge. Fenton. Jones & Appel. Inc. (kd) (Entered: 02/07/2013) |
| 02/06/2013 | ○ 20 | Declaration of Attorney Stephanie O. Sparks in support of (RE: related document(s)19 Objection). Filed by Creditor Hoge. Fenton. Jones & Appel. Inc. (kd) (Entered: 02/07/2013) |
| 02/07/2013 | ○ 21 | Order Granting Motion to Extend Time (Related Doc # 17) Incomplete Filings due by 2/19/2013 for 1. (kd) (Entered: 02/07/2013) |
| 02/07/2013 | ○ 22 | Certificate of Service (RE: related document(s)19 Objection). Filed by Creditor Hoge. Fenton. Jones & Appel. Inc. (kd) (Entered: 02/08/2013) |
| 02/09/2013 | ○ 23 | BNC Certificate of Mailing (RE: related document(s) 21 Order on Motion to Extend Time). Notice Date 02/09/2013. (Admin.) (Entered: 02/09/2013) |
| 02/19/2013 | ○ 25 | Debtor's Notice of Filing List of 20 Largest Unsecured Creditors , Summary of Schedules , Statistical Summary of Certain Liabilities., Schedules A - J , Statement of Financial Affairs , Chapter 11 Statement of Current Monthly Income (Form 22B) Filed by Debtor Booker Theodore Wade Jr. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Document# 2 Document# 3 Document) (kn) (Entered: 02/20/2013) |
| 02/20/2013 | ○ 24 | Order and Notice of Dismissal for Failure to Comply (RE: related document(s)7 Order to File Missing Documents). (kd) (Entered: 02/20/2013) |
| 02/20/2013 | ○ | Bankruptcy Case Closed. (kd) (Entered: 02/20/2013) |
| 02/21/2013 | ○ 26 | Order Vacating Order, Order to Reopen Case (RE: related document(s)24 Order and Notice of Dismissal for Failure to Comply). (kd) (Entered: 02/22/2013) |
| 02/22/2013 | ○ 27 | BNC Certificate of Mailing - Order and Notice of Dismissal for Failure to Comply. (RE: related document(s) 24 Order and Notice of Dismissal for Failure to Comply). Notice Date 02/22/2013. (Admin.) (Entered: 02/22/2013) |
| 02/24/2013 | ○ 28 | BNC Certificate of Mailing - Electronic Order (RE: related document(s) 26 Order Vacating Order). Notice Date 02/24/2013. (Admin.) (Entered: 02/24/2013) |
| 02/28/2013 | ○ | Meeting of Creditors Held. *Track # 1, 341 MOC 2/27/13. Appearances by Booker Wade, Gina Anderson, Jenn Protas and Alison Ara (all representing Hoge Fenton). Meeting concluded.*. (Wesolowski, John) (Entered: 02/28/2013) |
| 03/01/2013 | ○ | Receipt of Installment Filing Fee for Chapter 11 Voluntary Petition. Amount 455.50 from Booker Theodore Wade Jr. Receipt Number 50087879. (admin) (Entered: 03/01/2013) |
| 03/07/2013 | ○ | Hearing Continued (related document(s): 9 Notice of Status Conference) **Hearing scheduled for 04/04/2013 at 10:00 AM at San Jose Courtroom 3099 - Johnson.** No appearance by debtor or request for continuance, the court will issue an OSC re dismissal or conversion for 4/4/13 at 10:00 am. (tb ) (Entered: 03/07/2013) |
| 03/07/2013 | ○ 29 | Order to Appear and Show Cause (RE: related document(s)9 Notice of Status Conference). **Show Cause hearing scheduled for 4/4/2013 at 10:00 AM at San Jose Courtroom 3099 - Johnson.** (kd) (Entered: 03/07/2013) |
| 03/07/2013 | | (private) Judge's Deadlines Updated (RE: related document(s)29 Order to Show Cause). Response due by 3/27/2013. (kd) (Entered: |

| | | |
|---|---|---|
| | | 03/07/2013) |
| 03/09/2013 | ❷ 30 | BNC Certificate of Mailing (RE: related document(s) 29 Order to Show Cause). Notice Date 03/09/2013. (Admin.) (Entered: 03/09/2013) |
| 03/18/2013 | ❷ 31 | Request for Notice Filed by Interested Party Rossi Hamerslough Reischl & Chuck (Attachments: # 1 Certificate of Service) (Smith, Wendy) (Entered: 03/18/2013) |
| 03/20/2013 | ❷ 32 | Notice of filing of amended schedules C and J, Amended Schedule C, Amended Schedule J , Certificate of Service Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 03/20/2013) |
| 03/20/2013 | ❷ | Receipt of Installment Filing Fee for Chapter 11 Voluntary Petition. Amount 454.33 from Booker Theodore Wade, Jr.. Receipt Number 50088069. (admin) (Entered: 03/20/2013) |
| 03/21/2013 | ❷ 33 | Objection to Debtor's Claim of Exemptions Filed by Creditor Arlene D Stevens (Gravink, Eric) (Entered: 03/21/2013) |
| 03/21/2013 | ❷ 34 | Objection to Debtor's Claim of Exemptions Filed by Interested Party Rossi Hamerslough Reischl & Chuck (Attachments: # 1 Certificate of Service) (Smith, Wendy) (Entered: 03/21/2013) |
| 03/21/2013 | ❷ 35 | Operating Report for Filing Period 2/28/2013 Filed by Debtor Booker Theodore Wade Jr. ENTRY: PAGE 4 APPEARS TO BE BLANK. (kd) (Entered: 03/22/2013) |
| 03/25/2013 | ❷ 36 | Status Conference Statement (RE: related document(s)9 Notice of Status Conference). Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 03/26/2013) |
| 03/25/2013 | ❷ 37 | Response (RE: related document(s)29 Order to Show Cause, Update Judge Deadlines (Bk)). Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 03/26/2013) |
| 03/26/2013 | | (private) Deadlines terminated. Installments Paid. (kd) (Entered: 03/26/2013) |
| 03/26/2013 | | (private) Flags Set-Reset . Installment Flag Removed. (kd) (Entered: 03/26/2013) |

| | | |
|---|---|---|
| 04/01/2013 | ❏ 38 | Notice of Filing of Supplement Re (RE: related document(s)35 Operating Report for Filing Period 2/28/2013 Filed by Debtor Booker Theodore Wade Jr. ENTRY: PAGE 4 APPEARS TO BE BLANK.). Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 04/01/2013) |
| 04/04/2013 | ❏ | Hearing Continued re:(related document(s): 9 Notice of Status Conference) **Hearing scheduled for 06/07/2013 at 10:00 AM at San Jose Courtroom 3099 - Johnson.** (tb ) Modified on 4/5/2013 to correct type of hearing. (tb). (Entered: 04/04/2013) |
| 04/04/2013 | ❏ | Hearing Held (related document(s): 29 Order to Show Cause) Discharged and off calendar.(tb ) (Entered: 04/04/2013) |
| 04/05/2013 | | (private) Deadlines terminated. Show Cause Hearing. (kd) (Entered: 04/05/2013) |
| 04/05/2013 | ❏ 39 | Order Discharging Order To Show Cause (RE: related document(s)29 Order to Show Cause). (kd) (Entered: 04/08/2013) |
| 04/10/2013 | ❏ 40 | BNC Certificate of Mailing (RE: related document(s) 39 Order). Notice Date 04/10/2013. (Admin.) (Entered: 04/10/2013) |
| 04/11/2013 | ❏ 41 | Order After Status Conference (RE: related document(s)9 Notice of Status Conference). **Hearing scheduled for 6/7/2013 at 10:00 AM at San Jose Courtroom 3099 - Johnson.** (kd) (Entered: 04/11/2013) |
| 04/13/2013 | ❏ 42 | BNC Certificate of Mailing (RE: related document(s) 41 Order To Set Hearing). Notice Date 04/13/2013. (Admin.) (Entered: 04/13/2013) |
| 04/22/2013 | ❏ 43 | Operating Report for Filing Period March 2013 Filed by Debtor Booker Theodore Wade Jr. (dmf) (Entered: 04/23/2013) |
| 05/02/2013 | ❏ 44 | Request for Notice *with Certificate of Service* Filed by Creditor Wells Fargo Bank, N.A., not in its individual capacity, but solely as Trustee for RMAC Pass-Through Trust, Series 2010-A (Clark, Matthew) (Entered: 05/02/2013) |
| 05/20/2013 | ❏ 45 | Monthly Operating Report for Filing Period April 2013 Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 05/20/2013) |
| 05/21/2013 | ❏ 46 | Notice of Appearance and Request for Notice by Allison R. Ara. |

| | | |
|---|---|---|
| | | Filed by Creditor Hoge. Fenton. Jones & Appel. Inc. (Ara, Allison) (Entered: 05/21/2013) |
| 05/22/2013 | ◑ 47 | Certificate of Service *to Booker T. Wade, Jr.* Filed by Creditor Hoge. Fenton. Jones & Appel. Inc. (Attachments: # 1 Notice of Appearance and Request for Special Notice # 2 Proof of Claim # 3 Exhibit A to Proof of Claim # 4 Exhibit B to Proof of Claim) (Ara, Allison) (Entered: 05/22/2013) |
| 05/28/2013 | ◑ 48 | PROOF OF CLAIM Filed by Interested Party Rossi Hamerslough Reischl & Chuck (Attachments: # 1 Exhibit Attachment to Proof of Claim # 2 Affidavit Proof of Claim # 3 Exhibit Exhibit A to Attachment to Proof of Claim) (Gravink, Eric). **ERROR: INCORRECT EVENT SELECTED. CORRECTIVE ENTRY: COURT MODIFIED DOCKET TEXT FROM AFFIDAVIT TO PROOF OF CLAIM TO REFLECT PDF.** Modified on 5/29/2013 (kd). (Entered: 05/28/2013) |
| 05/29/2013 | ◑ 49 | Revised Certificate of Service (RE: related document(s)45 Operating Report). Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 05/29/2013) |
| 05/29/2013 | ◑ 50 | First Amended *Proof of Claim.* Filed by Interested Party Rossi Hamerslough Reischl & Chuck (Attachments: # 1 Proof of Claim # 2 Exhibit Attachment-Proof of Claim # 3 Exhibit Exhibit A-Proof of Claim) (Gravink, Eric). **ERROR: INCORRECT EVENT SELECTED. AMENDED PROOF OF CLAIM SHOULD HAVE BEEN SELECTED. CORRECTIVE ENTRY: COURT MODIFIED DOCKET TEXT FROM FIRST AMENDED DOCUMENT TO FIRST AMENDED PROOF OF CLAIM.** Modified on 5/30/2013 (kd). (Entered: 05/29/2013) |
| 05/31/2013 | ◑ 51 | Status Conference Statement , Certificate of Service (RE: related document(s)9 Notice of Status Conference). Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 05/31/2013) |
| 06/06/2013 | ◑ 52 | Motion to Reject Executory Contract , Certificate of Service Filed by Debtor Booker Theodore Wade Jr. (Attachments: # 1 Main document continued # 2 Main document continued # 3 Main document continued # 4 Main document continued) (kd) (Entered: 06/07/2013) |
| 06/06/2013 | ◑ 53 | Notice of Hearing , Certificate of Service (RE: related |

| | | |
|---|---|---|
| | | document(s)52 Motion to Reject Executory Contract , Certificate of Service Filed by Debtor Booker Theodore Wade Jr. (Attachments: # 1 Main document continued # 2 Main document continued # 3 Main document continued # 4 Main document continued) (kd)). **Hearing scheduled for 8/21/2013 at 02:00 PM at San Jose Courtroom 3099 - Johnson.** Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 06/07/2013) |
| 06/07/2013 | ❏ | Hearing Continued (related document(s): 9 Notice of Status Conference) **Hearing scheduled for 09/05/2013 at 10:00 AM at San Jose Courtroom 3099 - Johnson.** The court will issue a scheduling order: debtor to file a Plan and Disclosure Statement by 8/16/13 and have a Plan confirmed by 11/7/13 or the case will be converted to a chapter 7; the court does not grant debtor's request to extend the exclusivity period, as requested in debtor's status statement, debtor needs to set the matter on court's calendar on a separate motion.(tb ) (Entered: 06/10/2013) |
| 06/10/2013 | ❏ 54 | Order After Status Conference. Disclosure statement and plan of reorganization file by August 16, 2013, plan confirmation by November 7, 2013. (RE: related document(s)9 Notice of Status Conference). **Hearing scheduled for 9/5/2013 at 10:00 AM San Jose Courtroom 3099 - Johnson for 9 .** (kd) (Entered: 06/10/2013) |
| 06/12/2013 | ❏ 55 | BNC Certificate of Mailing (RE: related document(s) 54 Order to Continued Hearing). Notice Date 06/12/2013. (Admin.) (Entered: 06/12/2013) |
| 06/19/2013 | ❏ 56 | Revised and Amended Notice of Hearing, Certificate of Service (RE: related document(s)52 Motion to Reject Executory Contract , Certificate of Service Filed by Debtor Booker Theodore Wade Jr. (Attachments: # 1 Main document continued # 2 Main document continued # 3 Main document continued # 4 Main document continued) (kd)). **Hearing scheduled for 7/24/2013 at 02:00 PM San Jose Courtroom 3099 - Johnson for 52 .** Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 06/19/2013) |
| 06/19/2013 | ❏ 57 | Revised Proof of Service (RE: related document(s)52 Motion to Reject Lease or Executory Contract, 53 Notice of Hearing). Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 06/19/2013) |
| 06/21/2013 | ❏ 58 | Operating Report for Filing Period 5/31/13 Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 06/21/2013) |

| | | |
|---|---|---|
| 07/09/2013 | �e 59 | Motion for Relief from Stay RS #DMH-001, Fee Amount $176, Filed by ARLENE STEVENS (Attachments: # 1 Memorandum of Points and Authorities Motion for Relief from Stay # 2 RS Cover Sheet # 3 Certificate of Service # 4 Declaration # 5 Declaration # 6 Exhibit # 7 Exhibit # 8 Exhibit # 9 Exhibit # 10 Exhibit # 11 Exhibit # 12 Exhibit # 13 Exhibit # 14 Exhibit # 15 Exhibit) (Gravink, Eric). CORRECTIVE ENTRY: COURT MODIFIED PARTY FILER TO REFLECT PDF. Modified on 7/10/2013 (kd). (Entered: 07/09/2013) |
| 07/09/2013 | | Receipt of filing fee for Motion for Relief From Stay(13-50376) [motion,mrlfsty] ( 176.00). Receipt number 20343367, amount $ 176.00 (re: Doc# 59 Motion for Relief from Stay RS #DMH-001, Fee Amount $176,) (U.S. Treasury) (Entered: 07/09/2013) |
| 07/09/2013 | �e 60 | Notice of Hearing on *Motion for Relief from Stay* (RE: related document(s)59 Motion for Relief from Stay RS #DMH-001, Fee Amount $176, Filed by ARLENE STEVENS (Attachments: # 1 Memorandum of Points and Authorities Motion for Relief from Stay # 2 RS Cover Sheet # 3 Certificate of Service # 4 Declaration # 5 Declaration # 6 Exhibit # 7 Exhibit # 8 Exhibit # 9 Exhibit # 10 Exhibit # 11 Exhibit # 12 Exhibit # 13 Exhibit # 14 Exhibit # 15 Exhibit)). **Hearing scheduled for 7/23/2013 at 10:00 AM at San Jose Courtroom 3099 - Johnson.** Filed by Interested Party Rossi Hamerslough Reischl & Chuck (Gravink, Eric). CORRECTIVE ENTRY: COURT MODIFIED PARTY FILER TO REFLECT PDF. Modified on 7/10/2013 (kd). (Entered: 07/09/2013) |
| 07/10/2013 | �e 61 | Objection *To Motion to Reject Executory Contract* (RE: related document(s)52 Motion to Reject Lease or Executory Contract). Filed by Creditor Arlene D Stevens (Attachments: # 1 Certificate of Service) (Gravink, Eric) (Entered: 07/10/2013) |
| 07/10/2013 | �e 62 | Brief/Memorandum in Opposition to (RE: related document(s)52 Motion to Reject Lease or Executory Contract). Filed by Interested Party Campeau Goodsell Smith, a Law Corporation (Attachments: # 1 Declaration # 2 Exhibit A to Declaration # 3 Exhibit B to Declaration # 4 Exhibit C to Declaration # 5 Certificate of Service) (Healy, William) (Entered: 07/10/2013) |
| 07/22/2013 | �e 63 | Response , Certificate of Service (RE: related document(s)61 Objection). Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 07/23/2013) |

| | | |
|---|---|---|
| 07/22/2013 | 🔾 64 | Opposition to , Declaration of Booker T. Wade Jr. , Certificate of Service (RE: related document(s)59 Motion for Relief From Stay). Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 07/23/2013) |
| 07/23/2013 | 🔾 | Hearing Continued (related document(s): 59 Motion for Relief From Stay filed by Arlene D Stevens) **Hearing scheduled for 07/24/2013 at 01:30 PM at San Jose Courtroom 3099 - Johnson.** (tb ) (Entered: 07/23/2013) |
| 07/24/2013 | 🔾 | Hearing Held (related document(s): 52 Motion to Reject Lease or Executory Contract filed by Booker Theodore Wade, 59 Motion for Relief From Stay filed by Arlene D Stevens) The matters were called at 1:30 PM. The matters are taken under submission. The court will issue a written decision. (arosalesslj) (Entered: 07/25/2013) |
| 08/02/2013 | 🔾 65 | Monthly Operating Report for Filing Period 06/30/13 Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 08/06/2013) |
| 08/07/2013 | 🔾 66 | Ex Parte Motion to Vacate , Certificate of Service (RE: related document(s)54 Order to Continued Hearing) . Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 08/07/2013) |
| 08/12/2013 | 🔾 67 | Ex Parte Motion to Vacate , Certificate of Service (RE: related document(s)54 Order to Continued Hearing) . Filed by Debtor Booker Theodore Wade Jr. ENTRY: DOCUMENT APPEARS TO DUPLICATE DOCUMENT 66. (kd) (Entered: 08/12/2013) |
| 08/12/2013 | 🔾 68 | Revised Certificate of Service (RE: related document(s)67 Motion to Vacate). Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 08/12/2013) |
| 08/23/2013 | 🔾 69 | Request for Notice Filed by Interested Party Rossi Hamerslough Reischl & Chuck (Attachments: # 1 Certificate of Service) (Rome-Banks, Julie) (Entered: 08/23/2013) |
| 08/26/2013 | 🔾 70 | Monthly Operating Report for Filing Period 07/31/13 Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 08/26/2013) |
| 09/03/2013 | 🔾 71 | Order To Continue Hearing (RE: related document(s)9 Notice of Status Conference). **Hearing scheduled for 10/3/2013 at 10:00 AM San Jose Courtroom 3099 - Johnson for 9 .** (kd) (Entered: 09/03/2013) |

| | | |
|---|---|---|
| 09/03/2013 | ❏ 72 | Debtor's Ex Parte Motion to Deny Without Prejudice Motion for Relief From Stay, Declaration, Certificate of Service Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 09/03/2013) |
| 09/05/2013 | ❏ 73 | Order Denying Motion To Reject Lease or Executory Contract (Related Doc # 52), Granting Motion for Relief From Stay (Related Doc # 59) (yw) (Entered: 09/05/2013) |
| 09/05/2013 | ❏ 74 | BNC Certificate of Mailing (RE: related document(s) 71 Order to Continued Hearing). Notice Date 09/05/2013. (Admin.) (Entered: 09/05/2013) |
| 09/07/2013 | ❏ 75 | BNC Certificate of Mailing (RE: related document(s) 73 Order on Motion to Reject Lease or Executory Contract). Notice Date 09/07/2013. (Admin.) (Entered: 09/07/2013) |
| 09/12/2013 | ❏ 76 | Order **Denying** Motion for Miscellaneous Relief(Related Doc # 72) (kd) (Entered: 09/12/2013) |
| 09/14/2013 | ❏ 77 | BNC Certificate of Mailing (RE: related document(s) 76 Order on Motion for Miscellaneous Relief). Notice Date 09/14/2013. (Admin.) (Entered: 09/14/2013) |
| 09/18/2013 | ❏ 78 | Request for Notice Filed by Creditor Miller Starr Regalia (Shepard, William) (Entered: 09/18/2013) |
| 09/27/2013 | ❏ 79 | Status Conference Statement , Certificate of Service (RE: related document(s)9 Notice of Status Conference). Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 09/27/2013) |
| 10/03/2013 | ❏ | Hearing Continued (related document(s): 9 Notice of Status Conference) **Hearing scheduled for 01/09/2014 at 10:00 AM at San Jose Courtroom 3099 - Johnson.** (tb ) (Entered: 10/03/2013) |
| 10/08/2013 | ❏ 80 | Motion for Relief from Stay RS #APN-2344, Fee Amount $176, Filed by Creditor Forest Villa Homeowners Association (Attachments: # 1 Declaration # 2 Exhibit # 3 RS Cover Sheet # 4 Certificate of Service) (Nagel, Austin) (Entered: 10/08/2013) |
| 10/08/2013 | ❏ 81 | Notice of Hearing (RE: related document(s)80 Motion for Relief from Stay RS #APN-2344, Fee Amount $176, Filed by Creditor Forest Villa Homeowners Association (Attachments: # 1 Declaration # 2 Exhibit # 3 RS Cover Sheet # 4 Certificate of Service)). **Hearing scheduled for 10/29/2013 at 10:00 AM at** |

| | | |
|---|---|---|
| | | **San Jose Courtroom 3099 - Johnson.** Filed by Creditor Forest Villa Homeowners Association (Nagel, Austin) (Entered: 10/08/2013) |
| 10/08/2013 | | Receipt of filing fee for Motion for Relief From Stay(13-50376) [motion,mrlfsty] ( 176.00). Receipt number 21026124, amount $ 176.00 (re: Doc# 80 Motion for Relief from Stay RS #APN-2344, Fee Amount $176,) (U.S. Treasury) (Entered: 10/08/2013) |
| 10/25/2013 | ● 82 | Monthly Operating Report for Filing Period 08/31/13 Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 10/28/2013) |
| 10/25/2013 | ● 83 | Monthly Operating Report for Filing Period 09/30/13 Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 10/28/2013) |
| 10/28/2013 | ● 84 | Response , Certificate of Service (RE: related document(s)80 Motion for Relief From Stay). Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 10/28/2013) |
| 10/29/2013 | ● | Hearing Held (related document(s): 80 Motion for Relief From Stay filed by Forest Villa Homeowners Association) (Austin Nagel appeared for the movant. Debtor appeared in pro se.) The debtor is required to make monthly payments of $500.00 plus 1/3rd of the arrears within the 15 days of the grace period, until the debtor is caught up. Payments are due on the 1st and late on the 15th. There shall be a 10 day notice to cure. If not cured, the movant may upload an order reflecting the delinquent amount and ask for relief. Three strikes provision on the default. The movant may prepare an order and have the debtor sign off. If the order is not signed off, the matter may restored to the calendar. (arosalesslj) (Entered: 10/29/2013) |
| 11/27/2013 | ● 85 | Monthly Operating Report for Filing Period 10/31/13 Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 12/02/2013) |
| 12/31/2013 | ● 86 | Monthly Operating Report for Filing Period 11/30/13 Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 12/31/2013) |
| 12/31/2013 | ● 87 | Ex Parte Application to Continue Status Conference and Status Conference Statement (RE: related document(s)9 Notice of Status Conference) . Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 12/31/2013) |
| 01/06/2014 | ● 88 | Order **Denying** Motion To Continue/Reschedule Hearing On |

| | | |
|---|---|---|
| | | (Related Doc # 87) (kd) (Entered: 01/07/2014) |
| 01/08/2014 | ➍ 89 | Status Conference Statement (RE: related document(s) Hearing Continued/Rescheduled). Filed by Interested Party Campeau Goodsell Smith, a Law Corporation (Healy, William) (Entered: 01/08/2014) |
| 01/09/2014 | ➍ 90 | BNC Certificate of Mailing (RE: related document(s) 88 Order on Motion to Continue/Reschedule Hearing). Notice Date 01/09/2014. (Admin.) (Entered: 01/09/2014) |
| 01/09/2014 | ➍ | Hearing Continued (related document(s): 9 Notice of Status Conference) **Hearing scheduled for 04/03/2014 at 01:30 PM at San Jose Courtroom 3099 - Johnson.** Debtor to file a Plan/Disclosure statement by 3/7/2014 for a hearing on 4/3/2014 at 1:30 PM (court shortens time) objections due NLT 3/26/14 to be confirmed by 7/3/2014. (tb ) (Entered: 01/14/2014) |
| 01/14/2014 | ➍ 91 | Order After Status Conference And Setting Deadlines (RE: related document(s)9 Notice of Status Conference. **Status Conference scheduled for 4/3/2014 at 01:30 PM at San Jose Courtroom 3099 - Johnson.** (kd) (Entered: 01/14/2014) |
| 01/14/2014 | | (private) Plan or Disclosure Statement Deadline Updated (RE: related document(s)91 Order To Set Hearing. Chapter 11 Plan due by 3/7/2014. (kd) (Entered: 01/14/2014) |
| 01/16/2014 | ➍ 92 | BNC Certificate of Mailing (RE: related document(s) 91 Order To Set Hearing). Notice Date 01/16/2014. (Admin.) (Entered: 01/16/2014) |
| 01/29/2014 | ➍ 93 | Monthly Operating Report for Filing Period 12/31/13 Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 01/30/2014) |
| 03/03/2014 | ➍ 94 | Monthly Operating Report for Filing Period 01/31/14 Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 03/04/2014) |
| 03/07/2014 | ➍ 95 | Proposed Chapter 11 Plan of Reorganization , Disclosure Statement, Certificate of Service Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 03/10/2014) |
| 03/07/2014 | ➍ 96 | Notice of Hearing , Certificate of Service (RE: related document(s)95 Proposed Chapter 11 Plan of Reorganization , Disclosure Statement, Certificate of Service Filed by Debtor |

| | | |
|---|---|---|
| | | Booker Theodore Wade Jr. (kd)). **Hearing scheduled for 4/3/2014 at 01:30 PM at San Jose Courtroom 3099 - Johnson.** Filed by Debtor Booker Theodore Wade Jr. ERROR: INCORRECT CASE NUMBER LISTED ON PDF. (kd) (Entered: 03/10/2014) |
| 03/24/2014 | ❍97 | Objection (RE: related document(s)96 Notice of Hearing). Filed by Interested Party Campeau Goodsell Smith, a Law Corporation (Attachments: # 1 Certificate of Service) (Healy, William) (Entered: 03/24/2014) |
| 03/24/2014 | ❍98 | Objection *by U. S. Trustee to Debtor's Combined Plan of Reorganization and Disclosure Statement (3/7/14)* (RE: related document(s)95 Chapter 11 Plan, Disclosure Statement). Filed by U.S. Trustee Office of the U.S. Trustee / SJ (Attachments: # 1 Certificate of Service) (Wesolowski, John) (Entered: 03/24/2014) |
| 03/26/2014 | ❍99 | Objection (RE: related document(s)95 Chapter 11 Plan, Disclosure Statement). Filed by Creditor Hoge. Fenton. Jones & Appel. Inc. (Attachments: # 1 Certificate of Service) (Manov, Allison) (Entered: 03/26/2014) |
| 03/26/2014 | ❍100 | Objection to Confirmation of Plan *and Disclosure Statement* Filed by Requestor The Mlnarik Law Group, Inc. (Erickson, Jim) (Entered: 03/26/2014) |
| 03/26/2014 | ❍101 | Objection *to Combined Disclosure Statement and Plan of Rerorganization* (RE: related document(s)95 Chapter 11 Plan, Disclosure Statement). Filed by Requestor The Mlnarik Law Group, Inc. (Attachments: # 1 Certificate of Service) (Mlnarik, John) (Entered: 03/26/2014) |
| 03/26/2014 | ❍102 | Notice Regarding *Withdrawal of document # 101* Filed by Requestor The Mlnarik Law Group, Inc. (Erickson, Jim) (Entered: 03/26/2014) |
| 03/27/2014 | ❍103 | Objection to Confirmation of Plan *and to Disclosure Statement* Filed by Creditor Forest Villa Homeowners Association (Attachments: # 1 Exhibit # 2 Certificate of Service) (Nagel, Austin) (Entered: 03/27/2014) |
| 03/27/2014 | ❍104 | Objection *to Debtor's Combined Plan and Disclosure Statement* Filed by Creditor Arlene D Stevens (Attachments: # 1 Certificate of Service) (Gravink, Eric) (Entered: 03/27/2014) |

| | | |
|---|---|---|
| 03/31/2014 | ❏ 105 | Monthly Operating Report for Filing Period 02/28/14 Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 04/01/2014) |
| 04/03/2014 | ❏ | Hearing Continued (related document(s): 9 Notice of Status Conference) **Hearing scheduled for 05/01/2014 at 01:30 PM at San Jose Courtroom 3099 - Johnson.** (tb ) (Entered: 04/03/2014) |
| 04/03/2014 | ❏ | Hearing Continued (related document(s): 95 Chapter 11 Plan filed by Booker Theodore Wade) **Hearing scheduled for 05/01/2014 at 01:30 PM at San Jose Courtroom 3099 - Johnson.** Debtor to file a revised Disclosure Statement & Plan by 4/15/2014 and notice all creditors, objections filed by 4/28/2014. Debtor to file a statement as to who is a creditor. (tb ) (Entered: 04/03/2014) |
| 04/14/2014 | ❏ 106 | Ex Parte Motion to Enlarge Time to Filed Amended Combined Plan of Reorganization and Disclosure Statement, Declaration, Certificate of Service Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 04/15/2014) |
| 04/14/2014 | ❏ 107 | Ex Parte Application to Strike the Appearances of Counsel, Certificate of Service Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 04/15/2014) |
| 04/15/2014 | ❏ 108 | Objection Claim No. 4 Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 04/15/2014) |
| 04/15/2014 | ❏ 109 | Notice of Hearing (RE: related document(s)108 Objection Claim No. 4 Filed by Debtor Booker Theodore Wade Jr. (kd)). **Hearing scheduled for 5/7/2014 at 02:00 PM at San Jose Courtroom 3099 - Johnson.** Filed by Debtor Booker Theodore Wade Jr. (kd) Additional attachment(s) added on 4/15/2014 (kd). (Entered: 04/15/2014) |
| 04/17/2014 | ❏ 110 | Brief/Memorandum in Opposition to *Debtor's Motion to Strike Appearances* (RE: related document(s)107 Motion Miscellaneous Relief). Filed by Creditor Arlene D Stevens (Gravink, Eric) (Entered: 04/17/2014) |
| 04/18/2014 | ❏ 111 | Brief/Memorandum in Opposition to (RE: related document(s)107 Motion Miscellaneous Relief). Filed by Interested Party Campeau Goodsell Smith, a Law Corporation (Attachments: # 1 Declaration # 2 Exhibit A to Declaration # 3 Certificate of Service) (Healy, William) (Entered: 04/18/2014) |

| | | |
|---|---|---|
| 04/22/2014 | ○112 | Reply, Certificate of Service (RE: related document(s)110 Opposition Brief/Memorandum, 111 Opposition Brief/Memorandum). Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 04/23/2014) |
| 04/22/2014 | ○113 | Proposed First Amended Chapter 11 Plan And Disclosure Statement, Certificate of Service Filed by Debtor Booker Theodore Wade Jr. (RE: related document(s)95 Chapter 11 Plan filed by Debtor Booker Theodore Wade, Disclosure Statement). (kd) (Entered: 04/23/2014) |
| 04/22/2014 | ○114 | Request for order on notice of hearing Re (RE: related document(s)113 Amended Chapter 11 Plan, Amended Disclosure Statement). Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 04/23/2014) |
| 04/23/2014 | ○115 | Objection *Secured Creditor, Forest Villa Homeowners Association's Opposition to Debtor's Objection to Its Claim* (RE: related document(s)108 Objection). Filed by Creditor Forest Villa Homeowners Association (Attachments: # 1 Declaration # 2 Exhibit # 3 Certificate of Service) (Nagel, Austin) (Entered: 04/23/2014) |
| 04/24/2014 | ○116 | Notice of Appearance and Request for Notice, CERTIFICATE OF SERVICE by Brian S. Healy. Filed by Requestor Capital Access Group, Inc. (Healy, Brian). CORRECTIVE ENTRY: COURT MODIFIED DOCKET TEXT TO INCLUDE ADDITIONAL ITEM FILED. Modified on 4/24/2014 (kd). (Entered: 04/24/2014) |
| 04/25/2014 | ○117 | Objection / *United States Trustee's Objection to Debtor's Combined Plan of Reorganization and Disclosure Statement (4/22/14)* (RE: related document(s)113 Amended Chapter 11 Plan, Amended Disclosure Statement). Filed by U.S. Trustee Office of the U.S. Trustee / SJ (Attachments: # 1 Certificate of Service) (Wesolowski, John) (Entered: 04/25/2014) |
| 04/25/2014 | ○118 | Objection , *Limited Objection to Debtor's Disclosure Statement* (RE: related document(s)113 Amended Chapter 11 Plan, Amended Disclosure Statement). Filed by Creditor Wells Fargo Bank, N.A., not in its individual capacity, but solely as Trustee for RMAC Pass-Through Trust, Series 2010-A (Attachments: # 1 Exhibit A - Note # 2 Exhibit B - Deed of Trust # 3 Exhibit C - Loan Modification # 4 Proof of Service) (O'Connell, Casey) (Entered: 04/25/2014) |

| 04/28/2014 | ❏ 119 | Objection to Confirmation of Plan *and to Disclosure Statement (To First Amended Plan and Disclosure Statement)* Filed by Creditor Forest Villa Homeowners Association (Attachments: # 1 Certificate of Service) (Nagel, Austin) (Entered: 04/28/2014) |
| 04/28/2014 | ❏ 120 | Objection (RE: related document(s)113 Amended Chapter 11 Plan, Amended Disclosure Statement). Filed by Interested Party Campeau Goodsell Smith, a Law Corporation (Attachments: # 1 Certificate of Service) (Healy, William) (Entered: 04/28/2014) |
| 04/28/2014 | ❏ 121 | Opposition Amended Chapter 11 Plan *Objection to Debtor's Proposed First Amended Combined Plan* Filed by Creditor Arlene D Stevens (RE: related document(s)113 Amended Chapter 11 Plan filed by Debtor Booker Theodore Wade, Amended Disclosure Statement). (Attachments: # 1 Exhibit) (Gravink, Eric) (Entered: 04/28/2014) |
| 04/28/2014 | ❏ 122 | Objection *to First Amended Combined Plan of Reorganization and Disclosure Statement* Filed by Creditor Hoge. Fenton. Jones & Appel. Inc. (Attachments: # 1 Certificate of Service) (Manov, Allison) (Entered: 04/28/2014) |
| 04/30/2014 | ❏ 123 | Objection to allowance of claim of U.S. Department of Education, Certificate of Service Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 05/01/2014) |
| 04/30/2014 | ❏ 124 | Notice of Hearing (RE: related document(s)123 Objection to allowance of claim of U.S. Department of Education, Certificate of Service Filed by Debtor Booker Theodore Wade Jr. (kd)). **Hearing scheduled for 6/4/2014 at 01:30 PM at San Jose Courtroom 3099 - Johnson.** Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 05/01/2014) |
| 04/30/2014 | ❏ 125 | Monthly Operating Report for Filing Period 03/31/14 Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 05/01/2014) |
| 05/01/2014 | ❏ | Hearing Held (related document(s): 9 Notice of Status Conference) No appearance by debtor, matter under submission, the court will issue an order. (tb ) (Entered: 05/02/2014) |
| 05/01/2014 | ❏ | Hearing Held (related document(s): 113 Amended Chapter 11 Plan filed by Booker Theodore Wade) No appearance by debtor, matter under submission, the court will issue an order. (tb ) (Entered: 05/02/2014) |

| | | |
|---|---|---|
| 05/06/2014 | ❍ 126 | Motion to Compel Custodian to Turnover Property of the Estate , Certificate of Service Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 05/07/2014) |
| 05/06/2014 | ❍ 127 | Notice of Hearing, Certificate of Service (RE: related document(s)126 Motion to Compel Custodian to Turnover Property of the Estate , Certificate of Service Filed by Debtor Booker Theodore Wade Jr. (kd)). **Hearing scheduled for 6/11/2014 at 02:00 PM at San Jose Courtroom 3099 - Johnson.** Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 05/07/2014) |
| 05/06/2014 | ❍ 128 | Amended Notice of Hearing (RE: related document(s)123 Objection to allowance of claim of U.S. Department of Education, Certificate of Service Filed by Debtor Booker Theodore Wade Jr. (kd)). **Hearing scheduled for 6/11/2014 at 02:00 PM San Jose Courtroom 3099 - Johnson for 123, .** Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 05/07/2014) |
| 05/07/2014 | ❍ 129 | Order **Denying** Approval Of First Amended Disclosure Statement (RE: Related document 113 Proposed First Amended Chapter 11 Plan And Disclosure Statement) (kd) (Entered: 05/07/2014) |
| 05/07/2014 | ❍ | Hearing Continued (related document(s): 108 Objection filed by Booker Theodore Wade) **Hearing scheduled for 06/25/2014 at 02:00 PM at San Jose Courtroom 3099 - Johnson.** If parties not able to resolve, debtor to file by 6/18/2014 a declaration and attach whatever evidence there is that a settlement exists between debtor and Forest Villa HOA so that the court knows that's a viable issue for trial. (tb ) (Entered: 05/07/2014) |
| 05/07/2014 | ❍ 130 | Amended Notice of Hearing (RE: related document(s)126 Motion to Compel Custodian to Turnover Property of the Estate , Certificate of Service Filed by Debtor Booker Theodore Wade Jr. (kd)). **Hearing scheduled for 6/11/2014 at 02:00 PM San Jose Courtroom 3099 - Johnson for 126, .** Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 05/09/2014) |
| 05/19/2014 | ❍ 131 | Brief/Memorandum in Opposition to (RE: related document(s)126 Motion to Compel). Filed by Interested Party Campeau Goodsell Smith, a Law Corporation (Attachments: # 1 Declaration # 2 Certificate of Service) (Healy, William) (Entered: 05/19/2014) |

| | | |
|---|---|---|
| 05/20/2014 | ❏ 132 | Notice of Appeal to District Court , Fee Amount $ 0.00 **Fee Not Paid**. (RE: related document(s)129 Order Denying Approval Of Disclosure Statement). Appellant Designation due by 6/3/2014. Transmission to District Court due by 6/19/2014. Filed by Debtor Booker Theodore Wade Jr. (kd) Additional attachment(s) added on 5/21/2014 (kd). (Entered: 05/21/2014) |
| 05/20/2014 | ❏ 133 | Statement of Election to District Court, (RE: related document(s)132 Notice of Appeal filed by Debtor Booker Theodore Wade). Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 05/21/2014) |
| 05/21/2014 | ❏ 134 | Transmittal of Record on Appeal to District Court (RE: related document(s)132 Notice of Appeal. (kd) (Entered: 05/21/2014) |
| 05/21/2014 | ❏ 135 | Courts Certificate of Mailing. Number of notices mailed: 14 (RE: related document(s)132 Notice of Appeal, 133 Statement of Election on Appeal, 134 Transmittal of Record on Appeal). (kd) (Entered: 05/21/2014) |
| 05/21/2014 | 136 | (private) **COURT ENTRY** Documents delivered to District Court on May 21, 2014: Notice of Appeal, Statement of Election, Transmittal Letter, Certified Docket Sheet, Order being appealed (RE: related document(s)129 Order Denying Approval Of Disclosure Statement, 132 Notice of Appeal, 133 Statement of Election on Appeal, 134 Transmittal of Record on Appeal). (kd) (Entered: 05/21/2014) |
| 05/22/2014 | ❏ | Receipt of Appeal Filing Fee. Amount 298.00 from Booker Theodore Wade, Jr.. Receipt Number 50091783. (admin) (Entered: 05/22/2014) |
| 05/28/2014 | ❏ 137 | OBJECTION TO MOTION TO COMPEL TURNOVER OF PROPERTY Filed by Creditor Arlene D Stevens (Attachments: # 1 Declaration of David Hamerslough in support of Objection to Motion to Compel Turnover of Property) (Gravink, Eric). ERROR: INCORRECT EVENT SELECTED. INCORRECT JUDGE'S INITIAL LISTED ON PDF. CORRECTIVE ENTRY: COURT MODIFIED DOCKET TEXT FROM MOTION FOR TURNOVER OF PROPERTY TO OBJECTION TO MOTION TO COMPEL TURNOVER OF PROPERTY. Modified on 5/29/2014 (kd). (Entered: 05/28/2014) |
| 05/28/2014 | ❏ 138 | OBJECTION TO MOTION TO COMPEL TURNOVER OF |

| | | |
|---|---|---|
| | | *Property (with prior order)* Filed by Creditor Arlene D Stevens (Attachments: # 1 Declaration of David Hamerslough - Objection to Turnover Motion) (Gravink, Eric). ERROR: INCORRECT EVENT SELECTED. INCORRECT JUDGE'S INITIAL LISTED ON PDF. DOCUMENT APPEARS TO DUPLICATE DOCUMENT 137. CORRECTIVE ENTRY: COURT MODIFIED DOCKET TEXT FROM MOTION FOR TURNOVER OF PROPERTY TO OBJECTION TO MOTION TO COMPEL TURNOVER OF PROPERTY. Modified on 5/29/2014 (kd). (Entered: 05/28/2014) |
| 05/28/2014 | ◑ 139 | Motion for Withdrawal of Reference Fee Amount $0.00 ** Not Paid**. Filed by Debtor Booker Theodore Wade Jr. (kd) (Entered: 05/29/2014) |
| 05/29/2014 | | (private) Flags Set-Reset . Filing fee due flag added. (kd) (Entered: 05/29/2014) |