UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: BOOKER THEODORE WADE, JR., <br><br>Debtor. | Case No. 14-CV-02486-LHK <br><br>**ORDER DENYING MOTION TO WITHDRAW REFERENCE FROM STATE COURT** <br><br>Re: Dkt. No. 1 |

Debtor Theodore Wade, Jr. ("Debtor") initiated voluntary Chapter 11 bankruptcy proceedings on January 22, 2013. Bankr. Case No. 13-50376 ("Bankr. Case") ECF No. 1. Before the Court is Debtor Theodore Wade, Jr.'s ("Debtor's") Motion to Withdraw Reference From State Court. ECF No. 1.

The instant motion concerns two actions brought against Debtor in California Superior Court for the County of Santa Clara by Arlene Stevens before Debtor initiated bankruptcy proceedings, *Arlene Stevens v. Booker T. Wade, Jr.*, Case No. 1-07-CV-090284, and *Arlene Stevens v. Booker T. Wade, Jr.*, Case No. CIV 4656463 ("State Court Actions"). On January 21, 2009, the parties, Arlene Stevens and Debtor, reached a settlement agreement in the State Court Actions. *See* Bankr. Case ECF No. 73 at 2 (summarizing the factual and procedural background

of the instant case).

Debtor has made several attempts to set aside the settlement agreement in state court, all of which have failed. On May 7, 2009, the California Superior Court granted a motion to enforce the settlement agreement against Debtor. *Id.* at 3. On August 26, 2009, Debtor moved to vacate the settlement agreement in California Superior Court, and the motion was denied. *Id.* On April 19, 2010, Debtor moved to vacate the settlement agreement again in California Superior Court, and on September 17, 2010, the motion was denied. *Id.*

On January 22, 2013, Debtor initiated voluntary Chapter 11 bankruptcy proceedings, which, pursuant to 11 U.S.C. § 362, triggered an automatic stay of the State Court Actions. *See* 11 U.S.C. § 362 (stating that the initiation of bankruptcy proceedings triggers an automatic stay of the continuation of any "judicial, administrative, or other action or proceeding" against the debtor). On June 6, 2013, Debtor filed in Bankruptcy Court a motion to reject the settlement agreement as a debt of the bankruptcy estate because it is an executory contract. *Id.* ECF No. 52 (citing 11 U.S.C. § 365 (allowing bankruptcy trustee to reject executory contracts)). On July 9, 2013, Arlene Stevens filed in Bankruptcy Court a motion for relief from the automatic stay to seek a judgment in the State Court Actions pursuant to the terms of the settlement agreement. *Id.* ECF No. 59.

On September 5, 2013, the Bankruptcy Court issued an order on Debtor's motion to reject the settlement agreement and Arlene Stevens' motion for relief from the automatic stay. *Id.* ECF No. 73. The Bankruptcy Court found that the settlement agreement is not an executory contract that can be rejected and denied Debtor's motion to reject the settlement agreement. *Id.* Moreover, the Bankruptcy Court granted Arlene Stevens' motion for relief from the automatic stay to seek a judgment in the State Court Actions. *Id.*

On May 28, 2014, Debtor filed in Bankruptcy Court the instant Motion to Withdraw Reference From State Court. *Id.* ECF No. 139. Debtor requested that the Bankruptcy Court either (1) "withdraw[] [] the reference to the Santa Clara County Superior Court and thereafter hear and resolve any and all disputes if any of the Debtor and Arlene Stevens arising under the Settlement Agreement," or (2) "in the event the state court acts on the reference and enters a judgment against

2
Case No. 14-CV-02486-LHK
ORDER DENYING MOTION TO WITHDRAW REFERENCE FROM STATE COURT

Debtor, to treat this motion as one to reject the judgement for all the reasons stated herein." *Id.* at 25. On May 29, 2014, the Bankruptcy Court Clerk's Office transferred this motion to the District Court. *Id.* ECF No. 142; ECF No. 1.[1] An interested party, Campeau Goodsell Smith, filed an opposition to the instant motion in Bankruptcy Court, but not in District Court, on June 3, 2014. Bankr. Case ECF No. 144. Judgment was entered against Debtor in the State Court Actions on June 13, 2014. *Id.* ECF No. 217 at 1–2.

Debtor's motion to withdraw reference is denied for two reasons. First, although Debtor moves for the Bankruptcy Court to withdraw its reference to state court, no such reference was ever made. Instead, the Bankruptcy Court granted Arlene Stevens' motion for relief from the automatic stay to obtain a judgment in the State Court Actions. *Id.* ECF No. 73. The State Court Actions had settled on January 21, 2009, and thus the issues in the State Court Actions had long-preceded Debtor's bankruptcy, which was initially filed on January 22, 2013. The Bankruptcy Court's decision to lift the automatic stay was thus not a referral of bankruptcy issues to state court, but a decision to allow issues that had already been litigated in state court to become finalized through the entry of a judgment. Therefore, the Bankruptcy Court's decision to lift the automatic stay was not a "reference" of Bankruptcy Court matters to the state court that can now be withdrawn.

Second, Debtor's motion is now moot or cannot be granted. As noted above, Defendant requests that the Bankruptcy Court "withdraw[] [] the reference" to the State Court Actions, or alternatively, if judgment has been entered in the State Court Actions, reject the state court judgment. *Id.* ECF No. 139 at 25. The first requested form of relief cannot be granted because the issue is moot: judgment was entered against Defendant in the State Court Actions on June 13,

---

[1] The Bankruptcy Court Clerk's Office transferred this motion to the District Court as a motion to withdraw a reference of the District Court to the Bankruptcy Court. *See* Bankr. Civil L.R. 5011-2 (requiring motions to withdraw reference of District Court to Bankruptcy Court to be transferred to District Court). However, in this case, Debtor does not move to withdraw a reference of the District Court to the Bankruptcy Court. Instead, Debtor moves to withdraw a reference of the Bankruptcy Court to the California Superior Court, a circumstance not addressed by Bankruptcy Civil Local Rule 5011-2.

3
Case No. 14-CV-02486-LHK
ORDER DENYING MOTION TO WITHDRAW REFERENCE FROM STATE COURT

2014. *Id.* ECF No. 217 at 1–2. Indeed, Debtor specifically requests to "withdraw[] [] the reference" only if judgment has not yet been entered in the State Court Actions. *Id.* ECF No. 139 at 25.

As to the second form of relief, neither the Bankruptcy Court nor the District Court has jurisdiction to "reject" a judgment entered in state court under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine is named after two United States Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In an appeal of an order in the same bankruptcy case at issue here, this Court has previously held that the *Rooker-Feldman* doctrine precludes this Court and the Bankruptcy Court from reviewing the June 13, 2014 judgment that was entered in the State Court Actions. *See Wade v. Office of the U.S. Trustee*, Case No. 5:14-CV-02795-LHK, ECF No. 4. This Court provided the following reasoning:

> "*Rooker-Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). "If a plaintiff brings a de facto appeal from a state court judgment, *Rooker-Feldman* requires that the district court dismiss the suit for lack of subject matter jurisdiction." *Id.* "It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).
>
> In the instant case, Appellant seeks to stay the effect of the state court's June 13, 2014 judgment . . . . This *Rooker-Feldman* doctrine precludes this Court from reviewing the state court's judgment. Appellant's contention that the fact that the claims resolved by the state court's judgment should have been arbitrated is unavailing. To the extent that Appellant believes the matter should have been arbitrated rather than resolved by the state court, that contention should have been made in a motion to compel arbitration before the state court and in appeals of the state court's order to the state appellate courts to the extent the state trial court committed any error in ruling upon such a motion. This Court is not the appropriate forum in which to litigate that issue. *See Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 202 (4th Cir. 2000) ("Brown & Root took its best shot on its motion to compel arbitration in the state courts. It lost in that effort and now seeks to avoid the *Rooker-Feldman* bar by attempting to recast in various ways what occurred in the state trial court. But no matter how many ways Brown & Root tries to renovate its claim, the result is the same: Brown & Root cannot obtain what amounts to appellate review of a state court decision in federal district court."); *Brown v. Gen. Steel Domestic Sales, LLC*, No. 08-779, 2008 WL

4

2128057, at *5 n.37 (C.D. Cal. May 19, 2008) (collecting authorities for the proposition that "[f]ederal courts in other circuits have applied the *Rooker-Feldman* doctrine to state court orders granting or denying motions to compel arbitration.").

*Id.* at 5–6; *see also* Bankr. Case ECF No. 264 (adopting this Court's rationale in December 10, 2014 order on a separate motion for relief from the judgment in the State Court Actions). Just as in this Court's prior order, this Court has no subject matter jurisdiction to review the judgment in the State Court Actions, and thus has no jurisdiction to "reject" that judgment.

Accordingly, because no reference has occurred, a judgment was entered in the State Court Actions, and this Court has no jurisdiction to review the judgment in the State Court Actions, Debtor's Motion to Withdraw Reference From State Court is DENIED.

**IT IS SO ORDERED.**

Dated: April 17, 2017

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge